PEOPLE v VIRGA

Docket No. 53491. Submitted September 16, 1981, at Detroit.—Decided December 15, 1981.

Joseph B. Virga pled guilty in Recorder's Court of Detroit to a charge of knowingly or intentionally possessing a controlled substance. He was sentenced to a prison term of from 1 to 4 years, Robert L. Evans, J. Defendant appeals, requesting that his guilty plea be set aside because it was plausible at the time the trial court accepted the plea that defendant might have had a viable defense of entrapment and that a claim of entrapment is not waived by a plea of guilty. *Held:*

The trial court offered defendant the opportunity to withdraw his guilty plea on the basis of the possible entrapment defense. After consulting with his attorney, defendant chose not to withdraw his plea. Under these circumstances, defendant has waived his right to request from the Court of Appeals the identical relief which the trial court *sua sponte* offered and defendant knowingly rejected.

Affirmed.

CRIMINAL LAW — GUILTY PLEAS — ENTRAPMENT — WAIVER.

A claim of entrapment is not waived by a plea of guilty entered subsequent to an adverse ruling from the trial court that the defendant was not entrapped; however, where the defendant pleads guilty to an offense and the trial court *sua sponte* offers the defendant the opportunity to withdraw his plea on the basis of a possible entrapment defense and the defendant, after consulting with his attorney, chooses not to withdraw his plea, the defendant waives his right to request from the Court of Appeals the identical relief which the trial court *sua sponte* offered and defendant knowingly rejected.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 202, 473.

cipal Attorney, Appeals, and *Michael F. Bakaian,* Assistant Prosecuting Attorney, for the people.

*Socorro G. Arce,* for defendant on appeal.

Before: Bashara, P.J., and J. H. Gillis and V. J. Brennan, JJ.

V. J. Brennan, J. Defendant appeals as of right from his plea-based conviction for the offense of knowingly or intentionally possessing a controlled substance, MCL 333.7403(2)(a); MSA 14.15(7403)(2)(a). He was sentenced to a prison term of one to four years.

We have examined defendant's contentions and find them to be without merit. The plea-taking transcript persuades us that the plea-taking proceeding complied with the mandates of GCR 1963, 785.7. The record clearly shows that defendant understood the plea and that the plea was voluntarily and accurately made.

Defendant, however, alleges on appeal that he was entrapped by the police. He now requests that his guilty plea be set aside because it was plausible at the time the trial court accepted the plea that he might have a viable defense. Our review of the record convinces us otherwise. As the following excerpt amply demonstrates, defendant, on the day of sentencing, was offered the opportunity to have his plea withdrawn on the basis of the possible entrapment defense. He, however, after consultation with his attorney, chose not to do so and reaffirmed his desire that the court accept his proffered plea. On these facts we are persuaded that defendant has waived his right to request from this Court the identical relief which the trial court *sua sponte* offered and defendant knowingly rejected.

"*The Defendant:* Can I say something?

"*The Court:* Sure you can, Mr. Virga.

"*The Defendant:* I wrote a letter for you to read, your Honor. It is right here.

"*The Court:* Mr. Virga, I read your letter. It contains some rather complicated matters relating to your defense and entrapment. It reaches some questions as to whether or not the statement you gave me at the time you pled guilty a few days ago was true or not, especially as it—at least I got the impression when you made the guilty plea that you were saying that you knew that there was cocaine in your home at the time of your arrest for this incident and it is possible to read what you say here as suggesting that you did not.

\* \* \*

"*The Court:* Which means as a practical matter in giving you a sentence of one to four years, you will have already acquired five or six months. You would have 229 days credit. That means, as a practical matter, if I give you that sentence you would be eligible to be considered for parole immediately and be releasable certainly by the one year. If I weren't guilty of anything, I would probably not take a guilty plea if I were you.

"I'm certain I know too much about the case, having read the letter and handled your case before me to be the trial judge, but I think you ought to consider whether or not you want to withdraw your guilty plea. If so, I would let you do that and then I would disqualify myself and we could send this case some place in the building where you could get a fresh start and you can try the case to a conclusion.

\* \* \*

"Mr. Virga, I'm perfectly able to take your guilty plea on the basis of the sentence bargain if you want to and give you 1 to 4 years with 229 days credit or I can give you a new case. I'm going to send you back and let you chat with your lawyer. If you need to talk with your family, fine. I want you to come out and look at me and tell me, 'Give me the sentence one to four with the credit,' or 'Set the plea aside.' O.K.?

"Ill call the case in another 15 or 20 minutes and you make a judgment.

*(Short Recess)*

*"The Court:* Anything further in this case?

*"Mr. Metry:* I have nothing further to add, your Honor.

*"The Court:* Shall I accept the guilty plea or set the plea aside?

*"Mr. Metry:* Accept the plea.

*"The Court:* Plea accepted. Sentence is one to four years to run concurrent with the sentence you already received on the other case. Credit for 229 days."

We recognize that the Supreme Court recently held in *People v White,* 411 Mich 366, 387; 308 NW2d 128 (1981), that a claim of entrapment is not waived by a plea of guilty. However, the facts surrounding *White* are distinguishable. In *White,* the defendant entered his plea subsequent to an adverse ruling from the trial court that he was not entrapped. The trial court erred in applying the subjective test rather than the objective test of entrapment. The Supreme Court held that the defendant, by his subsequent pleas of guilty, still had preserved the right to have this issue reviewed on its merits. These are not the facts of the instant case. Here the defendant was offered the opportunity to have his plea set aside and the merits of his defense of entrapment submitted to the factfinder. He chose not to do so. Defendant "* * * cannot sit back and harbor error to be used as an appellate parachute * * *". *People v Brocato,* 17 Mich App 277, 305; 169 NW2d 483 (1969). Defendant, having rejected the trial court's *sua sponte* proffer to set aside the guilty plea, is precluded from requesting that this Court do so.

Conviction affirmed.