PEOPLE v KNOLL

Docket No. 69728. Submitted March 15, 1984, at Lansing.—Decided July 25, 1984.

Frank Knoll was convicted, on his plea of guilty, of delivery of a controlled substance, Bay Circuit Court, Eugene C. Penzien, J., and was sentenced to 56 to 84 months in prison. Defendant appealed. *Held:*

1. Defendant claimed he was entrapped. The record revealed that the court offered to allow defendant to retract his guilty plea and proceed to an evidentiary hearing on the issue of entrapment and that defendant specifically and voluntarily chose to waive that defense. Defendant may not claim on appeal the identical relief offered to him by the trial court and knowingly rejected by him.

2. His sentence was within the statutory limits and does not shock the judicial conscience.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — ENTRAPMENT — WAIVER.

A claim of entrapment is not waived by a plea of guilty entered subsequent to an adverse ruling from the trial court that the defendant was not entrapped; however, where the defendant pleads guilty to an offense and the trial court *sua sponte* offers the defendant the opportunity to withdraw his plea on the basis of a possible entrapment defense and the defendant, after consulting with his attorney, chooses not to withdraw his plea, the defendant waives his right to request from the Court of Appeals the identical relief which the trial court *sua sponte* offered and defendant knowingly rejected.

2. CRIMINAL LAW — SENTENCING — CRUEL AND UNUSUAL PUNISHMENT.

A sentence does not constitute cruel and unusual punishment where it is within the statutory limits and does not shock the conscience of the appellate court.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 202 *et seq.,* 469 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 625 *et seq.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*Thomas J. Bleau,* for defendant on appeal.

Before: SHEPHERD, P.J., and ALLEN and A. E. KEYES,* JJ.

PER CURIAM. Defendant pled guilty to delivery of a controlled substance (LSD), MCL 333.7401; MSA 14.15(7401), and was sentenced on December 20, 1982, to a term of from 56 to 84 months imprisonment. He now appeals as of right.

Defendant first claims on appeal that he was entrapped by police and his conviction must therefore be reversed and the charge dismissed. We disagree.

While entrapment is considered the equivalent of a jurisdictional defect and is therefore not waived by defendant's plea of guilty, *People v White,* 411 Mich 366, 387; 308 NW2d 128 (1981), the defense is waived if the defendant clearly abandons the entrapment claim at the trial court level. Here, at the plea-taking proceeding, the following discussion occurred:

*"The Court:* There was originally scheduled for this morning a hearing on a motion asserting that the defendant was entrapped. I have since been advised that the parties have entered into an agreement which would result in the defendant entering a plea of guilty. Is that your understanding [defense counsel]?

*"[Defense Counsel]:* That's correct, your Honor.

*"The Court:* And, [Assistant Prosecutor]?

*"[Assistant Prosecutor]:* Yes, your Honor.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"*The Court:* Is it intended by the defendant to abandon the entrapment issue?

"*[Defense Counsel]:* Yes, your Honor.

\* \* \*

"*The Court:* A motion was filed on your behalf, asking that the court consider whether or not under the law you were entrapped in connection with this offense. You're entitled to have that heard and determined. Do you understand that?

"*Defendant:* Yes.

"*The Court:* And if it was determined that you were legally entrapped, the charges would be dismissed against you in their entirety. Do you understand that?

"*Defendant:* Yes.

"*The Court:* And [defense counsel] has indicated that you do not want me to hear that motion. Is that correct?

"*Defendant:* Yes.

"*The Court:* Okay. Or anyone else—any other judge. You just don't want it heard, is that right?

"*Defendant:* Yeah. Yes, sir."

Although defendant was clearly given the opportunity to retract his proffered guilty plea and proceed to an evidentiary hearing on the issue of entrapment, he specifically and voluntarily chose to waive this defense. As in *People v Virga,* 111 Mich App 807, 808; 314 NW2d 765 (1981), "we are persuaded that defendant has waived his right to request from this Court the identical relief which the trial court *sua sponte* offered and defendant knowingly rejected". As in *Virga,* defendant was offered the opportunity to have his plea set aside and the merits of his defense of entrapment submitted to the factfinder. Also as in *Virga,* he chose not to do so. He may not now base a claim of judicial error on his own free and informed exercise of choice. See also *People v Douglas,* 122 Mich App 526, 530; 332 NW2d 521 (1983).

Defendant next argues that his sentence was disproportionate to the crime involved and therefore constitutes cruel and unusual punishment and an abuse of the trial court's discretion. We disagree.

Although defendant relies on the sentencing guidelines promulgated by the Michigan Supreme Court to support his claim of disproportionality, use of the sentencing guidelines was neither suggested nor mandatory at the time defendant was sentenced.

We do not find the sentence imposed here to be cruel or unusual. It was within the statutory limits. Defendant had previous felony and misdemeanor convictions and had previously violated conditions of probation and parole. The presentence report also indicated that defendant was frequently involved with drugs and sold drugs to supplement his income. For the same reasons, while the sentence cannot be considered lenient, we cannot say that our collective judicial conscience is shocked by its imposition.

Affirmed.