PEOPLE v MOORE

Docket No. 78124. Submitted January 10, 1985, at Lansing.—Decided July 2, 1985.

Defendant, Eugene Moore, was charged in the Ingham Circuit Court with possession with intent to deliver diazepam and possession with intent to deliver marijuana. He filed a motion to suppress the evidence, contending that the contraband was obtained by an unlawful search and seizure. The motion was not argued. Instead, pursuant to a plea agreement, defendant pled guilty to possession of marijuana. The trial court, Thomas L. Brown, J., accepted the plea. Defendant appeals requesting a remand to the trial court to develop a record to establish his claim that the evidence was illegally seized. *Held:*

Defendant's deliberate failure to advance his claim below regarding the alleged unlawful seizure of evidence constitutes an abandonment of that claim. Defendant may not raise the issue for the first time on appeal after declining to pursue the claim in the trial court.

Affirmed.

CRIMINAL LAW — TRIAL — APPEAL — PRESERVING QUESTION.

A defendant may not raise an issue regarding an alleged unlawful search and seizure for the first time on appeal after declining to pursue the issue in the trial court; the deliberate failure to advance the claim below constitutes an abandonment of the claim.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Robert B. Ebersole,* Chief Appellate Attorney, and *Susan L. LeDuc,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTE
Am Jur 2d, Appeal and Error §§ 601-606.
Violation of federal constitutional rule (Mapp v Ohio) excluding evidence obtained through unreasonable search or seizure, as constituting reversible or harmless error. 30 ALR3d 128.

*Pratt & Frank* (by *Paul C. Pratt*), for defendant on appeal.

Before: ALLEN, P.J., and J. H. GILLIS and W. J. GIOVAN,* JJ.

PER CURIAM. Defendant was originally charged with possession with intent to deliver diazepam and possession with intent to deliver marijuana, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c). He filed a motion with the trial court to suppress the evidence, contending that the contraband was obtained by an unlawful search and seizure.

The motion was not argued. Instead, pursuant to a plea agreement by which the original charges were dismissed, defendant pled guilty to possession of marijuana, MCL 333.7403(2)(d); MSA 14.15(7403)(2)(d). He now appeals as of right, requesting a remand to the trial court to develop a record to establish his claim that the evidence was illegally seized.

We hold that defendant's deliberate failure to advance his unlawful seizure of evidence claim below constitutes an abandonment of that claim. *Cf., People v Knoll,* 137 Mich App 701, 702-703; 358 NW2d 926 (1984); *People v McIntyre,* 74 Mich App 661, 664-665; 254 NW2d 603 (1977).

We do not base this decision on the theory that defendant has waived the unlawful seizure claim by pleading guilty. A defendant may appeal from an adverse ruling on such a claim after pleading guilty. *People v Reid,* 420 Mich 326, 334-335; 362 NW2d 655, (1985); *People v Alvin Johnson,* 396 Mich 424, 444; 240 NW2d 729 (1976). We hold, however, that appellant may not raise the issue of unlawful search and seizure for the first time on appeal after declining to pursue the claim in the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

trial court. As stated in *People v Douglas,* 122 Mich App 526, 530; 332 NW2d 521 (1983):

"[To remand this case for an evidentiary hearing as requested] would have created a procedure under which a defendant could avoid raising [a search and seizure] issue in the trial court while negotiating a plea-bargaining agreement. Thereafter, if dissatisfied with the plea-bargaining agreement, the defendant could raise the [search and seizure] issue for the first time on appeal, * * * and gain an advantage by avoiding the forthright presentation of the potential issue in the first instance before the trial court. We can find no favor with such tactics * * *."

Affirmed.