ATTORNEY GENERAL *ex rel* DEPARTMENT OF TREASURY v
GREAT LAKES REAL ESTATE INVESTMENT TRUST

1. TAXATION—FRANCHISE FEES—INTEREST AND PENALTIES—SUMMARY
JUDGEMENT—STATUTES.

Summary judgment in favor of the State Department of Treasury
for franchise fees for the years 1971–1974 and for interest and
penalties was proper where the tax liability for the years 1971
and 1972 had been properly determined by prior administrative
action and exhaustion of appellate procedures and the statute
under which the defendant's tax liability for the earlier years
had been determined was unchanged and involved the same
form of calculations for the later years (MCLA 450.1101 *et seq.;*
MSA 21.200[101] *et seq.).*

2. TAXATION—CONSTITUTIONAL LAW—JUDICIAL REVIEW—ADMINISTRA-
TIVE AGENCY—CORPORATION TAX APPEAL BOARD.

The determination of the constitutionality of a tax is clearly a
matter of judicial review and cannot be decided exclusively by
an administrative agency; however, a defendant taxpayer may
not refuse to pay a tax and again seek to challenge the
constitutionality of the tax where the Corporation Tax Appeal
Board has already determined that the defendant was subject
to the tax and, at the defendant's insistence, also rendered a
determination on the constitutionality of the tax and the
defendant's applications for leave to appeal the Board's deter-
minations to the Court of Appeals and the Supreme Court were
denied for lack of merit in the grounds presented.

Appeal from Ingham, Jack W. Warren, J. Sub-
mitted April 14, 1977, at Grand Rapids. (Docket
No. 27745.) Decided July 18, 1977. In lieu of leave
to appeal, penalties imposed by trial court for 1973
and 1974 are disallowed, 402 Mich —.

Complaint by the Attorney General upon the
relation of the Department of the Treasury against

REFERENCES FOR POINTS IN HEADNOTES
[1] 72 Am Jur 2d, State and Local Taxation § 854 *et seq.*
[2] 72 Am Jur 2d, State and Local Taxation § 705 *et seq.*

Great Lakes Real Estate Investment Trust for collection of franchise fees. Summary judgment for plaintiff. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *Charles E. Liken,* Assistants Attorney General, for plaintiff.

*Varnum, Riddering, Wierengo & Christenson* (by *J. Terry Moran* and *Jeffrey L. Schad),* for defendant.

Before: D. E. HOLBROOK, P. J., and BASHARA and R. E. A. BOYLE,* JJ.

R. E. A. BOYLE, J. Defendant appeals as of right from a summary judgment granted plaintiff in a suit for collection of certain franchise taxes. Defendant is a common-law business trust, more particularly a real estate investment trust, organized and operating pursuant to a declaration of trust executed December 10, 1962. Prior to 1971 defendant paid franchise fees to the State of Michigan without complaint. However, on May 12, 1971, defendant petitioned the Department of Treasury for a refund of franchise fees paid in 1968, 1969 and 1970. The Department of Treasury denied the petition on November 24, 1971, and on November 24, 1972, defendant appealed to the Corporation Tax Appeal Board.

In this appeal, the defendant itself raised issues of due process and equal protection as well as contesting the constitutionality of the tax act, MCLA 450.304 *et seq.;* MSA 21.205 *et seq.,* in that it violated Const 1963, art 4, § 24. The Corporation Tax Appeal Board reviewed defendant's conten-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tions and decided that defendant was a corporation subject to the franchise tax; that the application in this instance of the fees, tax and charges act (known as the tax act) did not violate principles of due process or equal protection of the law; and that the application of the tax act to defendant did not violate Const 1963, art 4, § 24.

Great Lakes then petitioned this Court for leave to appeal the decision of the Corporation Tax Appeal Board presenting the same three issues it raised before that board and which the board decided against it. This Court denied leave to appeal "for *lack of merit* on the grounds presented", docket No. 15941, order of May 14, 1973. (Emphasis supplied.) This action was a determination on the merits of the case. Thereupon, defendant sought leave to appeal to the Supreme Court of Michigan. Leave to appeal was denied, 390 Mich 767 (1973), because appellant (Great Lakes Real Estate Investment Trust) "has failed to persuade the Court that the question presented should be reviewed by this Court", order of August 30, 1973. Even after those rulings by the Court of Appeals and the Supreme Court, Great Lakes did not pay its franchise fees. On April 8, 1975, plaintiff filed an action against defendant for collection of 1971, 1972, 1973 and 1974 franchise fees, and also requested that interest, penalties and fines be levied against the defendant and that defendant be placed into receivership.

On May 12, 1975, the defendant responded to this suit with affirmative defenses and counterclaimed for declaratory judgment on the same three questions raised first before the Corporation Tax Appeal Board, then the Court of Appeals and then the Supreme Court. Plaintiff answered such affirmative defenses and claimed that the issues

raised by defendant's counterclaim had been previously adjudicated and on September 10, 1975, moved for summary judgment.

The circuit court held that the defendant was liable for 1968–1972 franchise fees; that the Business Corporation Act, MCLA 450.1101 *et seq.;* MSA 21.200(101) *et seq.,* repealing MCLA 450.303; MSA 21.203, did not change the definition of corporation in the franchise fee statute, MCLA 450.304; MSA 21.205, and that consequently, defendant was liable for the 1973 and 1974 taxes, and, in addition, subject to the imposition of a ten percent penalty and one percent per month for each month or part of a month that defendant was delinquent in the payment of said fees as provided for in MCLA 450.1921; MSA 21.200(921). Summary judgment was granted by the circuit judge and defendant appeals to this Court, claiming it is not liable for the 1971 and 1972 taxes nor for the 1973 and 1974 taxes, and that penalties are not appropriate even if it is liable for any of the taxes.

We find that the defendant is subject to the franchise tax for the years in question. *Hemphill v Orloff,* 238 Mich 508; 213 NW 867 (1927), *aff'd* 277 US 537; 48 S Ct 577; 72 L Ed 978 (1928).

The question then left for decision is whether it was appropriate for the circuit court to impose penalties in addition to any interest charges assessed against defendant. It should be noted that the penalties imposed in the 1968–1972 taxes were as the result of the litigation. Defendant took the position it was acting in good faith by proceeding again to challenge the tax and so should not be subject to penalties for the 1973 and 1974 taxes. Defendant placed heavy reliance for its contention that it should not be subject to penalties upon *Xerox Corporation v Detroit,* 64 Mich App 159; 235

NW2d 173 (1975). Such reliance is misplaced. *Xerox* does not sustain defendant's position. The main issue in *Xerox* was the determination as to the method of valuation and the amount of assessment. Defendant focuses upon the following language at 163 of *Xerox:* "The determination of the constitutionality of a tax is clearly a matter of judicial review and cannot be decided exclusively by an administrative agency." We agree, and are of the opinion that any gratuitous or *sua sponte* injection of a decision on constitutional questions by the CTAB would be at least questionable. However, in the instant case, it was not the CTAB but defendant who insisted upon decision of the constitutional issues defendant presented to CTAB and also, as indicated earlier on appeal from that board, presented the same three issues raised before the CTAB to this Court in its petition for leave to appeal. It also apparently presented the same three issues when it sought leave to appeal to the Supreme Court. We hold that it may not use the holding in *Xerox* as authorizing a repeat performance when defendant did not prevail in the first attempt.

Defendant had its full day in court. It may not now seek a second review of the same matters and issues by our appellate courts. Defendant's course of action in attempting to delay further the payment of taxes already judicially determined to be due should not invite approval.

The circuit judge was correct in not only holding the defendant liable for the franchise fees in question, but also was correct and did not abuse his discretion in imposing the penalties, including the interest charges.

Affirmed, with costs to plaintiff.