MERRITT, J., delivered the opinion of the court, in which MOORE, J., joined.
McKEAGUE, J. (pp. 351-59), delivered a separate dissenting opinion.
OPINION
MERRITT, Circuit Judge.
In this Michigan criminal case, the Petitioner, Tyrik McClellan, at age 19, was convicted of first degree murder of the victim, Nathan Auld, in connection with a barroom conflict between two groups. McClellan received a mandatory life sentence without parole and a consecutive two-year sentence for a firearm conviction. The district court granted a writ of habeas corpus on the ground that McClellan’s defense lawyer did not provide the effective assistance of counsel required by the Sixth Amendment because the lawyer did not interview numerous eyewitnesses who would have testified that McClellan acted in self defense. On appeal, we consider three sets of issues: first, on the merits, the State asserts that the defense lawyer did not violate the ineffective assistance of counsel standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); second, the State asserts that the district court should not have reached the merits because McClellan defaulted his claim by not raising it in a procedurally correct way; and third, the State asserts that the Antiterrorism and Effective Death Penalty Act, “AEDPA,” and recent Supreme Court cases interpreting it, Harrington v. Richter, — U.S. -, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), and Cullen v. Pinholster, — U.S. -, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), so limit the federal courts’ authority to decide habeas cases on the merits that McClellan’s petition must be dismissed. We will take up these three sets of issues in the order followed by the district court. After considering these three sets of issues, we agree with the district court decision and affirm.
I. The Merits of the Ineffective Assistance of Counsel Claim
In a thorough opinion, the district court recited the evidence introduced at the original trial in 2002 and the countervailing evidence offered at the evidentiary hearing in federal district court on April 6, 2011. The shooting death occurred outside a bar in Detroit in the early morning hours of December 20, 2001. There was a heated altercation inside the bar between two groups, both of whom were asked to leave. Outside the bar, McClellan shot Auld. At the trial, he claimed self defense, *346 but he neither testified nor offered any proof. Six of Auld’s companions and two employees of the bar testified for the prosecution. There was confusion in the testimony as to whether Auld had rushed McClellan. The prosecution’s theory, apparently accepted by the jury, was that the shooting was premeditated because the evidence showed that McClellan had gone to his ear after leaving the bar and retrieved his gun. Defense counsel interviewed none of the witnesses and put on no witnesses in McClellan’s defense. The jury rendered its verdict based entirely on the prosecution’s case.
The evidence introduced at the federal habeas evidentiary hearing ten years later, if believed, disproved the State’s theory of premeditation. McClellan and eight witnesses testified that McClellan had taken the gun into the bar and did not get it from his car after leaving the bar. This evidence disproves the State’s theory of premeditation. The witnesses corroborated McClellan’s story that Auld, who was 280 pounds and over six feet tall, rushed him with a chrome object in his hand that appeared to be a gun and that McClellan then pulled out his gun and fired at Auld. The defense lawyer at the original trial, Jeffrey Edison, also testified at the eviden-tiary hearing that he did not interview the-witnesses or call McClellan because he believed he could undermine the prosecution’s case through cross-examination of the prosecution witnesses.
In issuing the writ, the district court found that at the original trial no witness testified “that they saw Auld with a weapon.” However, at the federal hearing several witnesses “testified that Auld was armed” both before he was shot and afterward, and the district court found they would have made effective witnesses for McClellan if they had been interviewed and called at trial. Opinion, pp. 355-56. Based on the evidence, the district court found that “the record demonstrates that defense counsel made a decision that he could prevail on his self-defense theory with only the prosecutor’s witnesses without ever conducting any investigation.” Id. at 356. There was strong evidence presented by “the defense witnesses’ testimony about how they snuck Petitioner into the bar with a handgun.” Id. at 359. The district court found that the evidence, if offered at trial, “would have undermined the prosecutor’s argument that Petitioner premeditated the murder because he retrieved the handgun after he left the bar.” Id.
On the ineffective assistance of counsel issue, the district court concluded:
But when, as here, it turns out that the accused’s attorney never bothered to investigate what members of his client’s group would say, and it turns out that their version would have significantly supported a claim of self defense, it follows that the attorney was not acting as “counsel” as contemplated by the Sixth Amendment and that his failings undermine confidence in the outcome of the trial. Therefore, Petitioner has demonstrated entitlement to habeas relief based on his claim of ineffective assistance of trial counsel.
Id. at 359.
The State argues on appeal that McClellan has not demonstrated deficient performance because “Edison made strategic decisions on how to proceed in this case— deciding that it was wiser to hold the prosecution to its burden rather than calling witnesses to the stand, including McClellan himself.” Resp. brief, p. 59. The State also argues that “[djeficient performance — if it occurred — did not lead to prejudice on the facts of this case,” Id. at 65. Citing the fact that defense counsel was “an experienced criminal defense at *347 torney, with 35 years of practice, and 90% of his practice focused on criminal defense,” the State seems to suggest that this experience adds to the deference we should pay to counsel’s strategy of not interviewing or calling any defense witnesses. We agree with the reasoning of the district court that trial counsel was grossly deficient in his failure to interview defense witnesses.[1] See Wiggins v. Smith, 589 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (“[Strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.” (internal quotation marks omitted)); English v. Ro-manowski, 602 F.3d 714, 728 (6th Cir.2010) (“Yet English’s attorney admitted that he failed to interview any of the witnesses outside of the courthouse or prior to trial. Counsel could not have developed a reasonable trial strategy since he based his decisionmaking on what counsel guessed the witnesses might say in the absence of a full investigation, and not on what investigation reveals witnesses will actually testify to.” (internal quotation marks and alterations omitted)).
II. Procedural Default by Appellate Counsel
In addition to its argument that trial counsel was not deficient in his representation, the State defended the trial verdict under the doctrine of “procedural default.” The State initially asserted as an independent, non-merits, state procedural ground for dismissing the habeas petition that the state courts themselves “did not reach the merits” of the Sixth Amendment ineffectiveness claim because appellate counsel for McClellan did not raise the issue on direct appeal or in an alternative Michigan proceeding sometimes referred to as a “Ginther” evidentiary hearing, a procedure created under Michigan Court Rule 7.211(C)(1). The district court ruled against the State on grounds that McClellan had established the technical requirements of “cause” and “prejudice” to overcome procedural default under the “cause and prejudice” doctrine established in Murray v. Carrier, 477 U.S. 478, 488-89, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).
Again in a thorough decision, the district court explained its reasoning that “procedural default” — based on appellate counsel’s failure to raise ineffective assistance of counsel — does not bar habeas review on the merits of McClellan’s ineffective assistance of counsel claim. The district court explained that appellate counsel, Mr. Simon, “had no independent recollection of Petitioner’s appeal. But both Petitioner and his aunt testified that they sent letters to Simon informing him of the basis for investigating a possible ineffective assistance of trial counsel claim.” Opinion, p. *348 353. The district court found their testimony to be credible and supported by copies of the letters they sent to Simon. The court also found “that Simon completely ignored this lead — all of the defense witnesses testified that they were never contacted by Simon.” Id.
The court found prejudice as well because “there is a reasonable probability that had the state court been presented with the evidence that was presented to this Court, Petitioner’s conviction for first-degree murder would have been reversed.” Id. at 353-54. We agree that once a reasonable judge found out about how this case was handled by counsel in the Michigan trial and appellate courts, it would find prejudice. Both trial and appellate counsel offered the Michigan courts nothing significant in the way of self defense, when in fact there were many witnesses whose testimony could raise a reasonable doubt in the case. Reasonable judges, if they had known about the problem, would not have allowed this kind of gross miscarriage of justice to pass unnoticed and unreme-died.
III. The State’s Post-hearing Motion for Reconsideration
The State reversed its position after initially losing its case in the district court. It made a new claim in its motion for reconsideration that there was, in fact, no “procedural default,” but rather that the Michigan Court of Appeals reached and decided the merits of McClellan’s Sixth Amendment ineffective assistance of counsel claim. The state trial court dismissed McClellan’s habeas petition on “procedural default” grounds. People v. McClellan, No. 02-3088 (Mich.Cir.Ct. for Wayne Cnty. July 19, 2006) [hereinafter Trial Court Opinion]. The State’s argument now is that the Michigan Court of Appeals said in its order of August 30, 2007, that McClellan’s application for leave to appeal the procedural default ruling is denied “for lack of merit in the grounds presented.” People v. McClellan, No. 279129 (Mich.Ct.App. Aug. 30, 2007). In reversing its position on procedural default, the State argued in its motion for reconsideration that under the recent ease of Harrington v. Richter, — U.S. -, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), the federal court must hold that the Michigan Court of Appeals denied the ineffectiveness claim on the merits and that the recent case of Cullen v. Pinholster, — U.S. -, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), prevents a federal evidentiary hearing that would allow facts to be considered that are contrary to the facts before the state court.
The district court denied reconsideration because the Michigan Court of Appeals clearly did not reach the merits of the Sixth Amendment ineffectiveness claim. It said that the ground presented on appeal had to be about procedural default, not the merits of the ineffective assistance claim, because procedural default was the ruling appealed from. The district court explained:
There is reason to think that the Michigan Court of Appeals did not reach the merits of Petitioner’s claim. As both parties acknowledged in their post-hearing briefs, the trial court explicitly found Petitioner’s ineffective assistance of counsel claim to be procedurally defaulted. Under Ylst [Ylst v. Nunnemaker, 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) ] — the very case the Richter court directed courts to consider when deciding whether to apply its presumption of a merits adjudication — if the last state court judgment adjudicating a claim contains no reasoning, a federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption *349 that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same grounds. Id. at 803 [111 S.Ct. 2590]. Under Ylst, therefore, there is a presumption that the Michigan Court of Appeals’ unexplained order rests on the same non-merits basis relied on by the state trial court.
Opinion and Order Denying Respondent’s Motion for Reconsideration, pp. 3-4, July 11, 2011. The difficulty with the State’s new argument is that the State concedes forthrightly that the Michigan Court of Appeals panel “did not have the lower court record when it rendered its decision.” Resp.’s Supplemental Brief, at p. 1 (Oct. 25, 2012).
We recently explained that “absent some indication or Michigan procedural principle to the contrary, we must presume that an unexplained summary order is an adjudication on the merits for AEDPA purposes.” Werth v. Bell, 692 F.3d 486, 493 (6th Cir.2012) (internal quotation marks and alterations omitted). There are thus two avenues by which a petitioner can overcome this presumption. One avenue, whether there is a procedural principle to the contrary, concerns the procedural framework established by the state with respect to postconviction review generally. At issue here is the same phrase utilized by the Michigan courts that was reviewed in Werth. Because we concluded in Werth that no Michigan procedural principle by itself allows us to construe the phrase “for lack of merit in the grounds presented” as a denial on procedural grounds, McClellan cannot overcome the presumption on this ground. Id. at 493-94. Our holding in Werth does not, however, automatically foreclose the second avenue of relief for McClellan, as it requires analysis of the procedural history and factual underpinnings of each individual petitioner’s case. Id. at 494. Unlike in Werth, McClellan offers us a “reason to think some other explanation for the state court’s decision is more likely,” and thus we must consider this reason and determine whether it overcomes the presumption. Id. (internal quotation marks omitted).
Two Michigan state courts reviewed McClellan’s post-conviction petition, and the available evidence establishes that each of these courts denied the petition on procedural-default grounds. The Michigan trial court, the first to review McClellan’s petition, stated this explicitly in its order. Trial Court Opinion at 1-2. The trial court began its analysis as follows: “Before considering the validity of Defendant’s legal arguments, the court must determine whether the defendant has satisfied the two-pronged ‘cause and prejudice’ requirement of’ the Michigan procedural-default statute. Id. at 1. The trial court, after engaging in a brief analysis, concluded that “Defendant has failed to show either ‘good cause’ or ‘actual prejudice’ as required by” the Michigan procedural-default statute. Id. at 2 (internal quotation marks omitted).
The second court to review McClellan’s petition, the Michigan Court of Appeals, “did not have the lower court record when it rendered its decision,” as conceded by the State. Resp.’s Supplemental Br. at l.[2] *350 In other words, the Michigan Court of Appeals reviewed McClellan’s petition, and the trial court opinion, which explicitly denied relief on procedural-default grounds.[3] The only reasonable inference to be drawn from the plain language, of the documents and the State’s concession is that the Michigan Court of Appeals could not have denied McClellan’s petition on the merits of the ineffectiveness claim.[4] Applying the *351 analysis outlined in Werth, McClellan has provided sufficient evidence to rebut the presumption and demonstrate that, in this instance, the Michigan Court of Appeals in using the words “for lack of merit in the grounds presented” did not reach the merits of the Sixth Amendment ineffectiveness claim.
We therefore disagree with the dissent’s statement that the “grounds presented” in the Michigan Court of Appeals was the ineffective assistance of counsel issue now presented to us. We agree with the district court and the Michigan Attorney General’s initial view that the issue there was procedural default, not the decision of any federal constitutional issues on the merits. It seems obvious that a factual question cannot be considered as “a ground presented” to and decided by an appellate court when it was (1) not decided by the trial court, (2) not the subject of any findings of fact made by the trial court, and (3) not included in any trial court record filed or presented to the appellate court. A factual issue cannot be created for an appellate court out of thin air without any trial court record concerning the issue before it and without any reference to the issue in the appellate court’s decision. It cannot be made up like a will-o’-the-wisp in a fairy tale. As many courts have concluded: “Whether a claim has been adjudicated on the merits is a ease specific inquiry” and depends on “any relevant factual findings made by the state courts.” Winston v. Pearson, 683 F.3d 489, 496 (4th Cir.2012); accord Sellan v. Kuhlman, 261 F.3d 303, 312-13 (2d Cir.2001) (collecting cases).
There were no relevant factual findings in the Michigan courts on the issue before us, and hence for the reasons conceded by the State in its supplemental brief and the reason given by the district court, we believe that the Michigan Court of Appeals in using the words “for lack of merit in the grounds presented” did not reach the merits of the Sixth Amendment ineffectiveness claim. The State was correct in its initial submission to the district court that the state courts declined to reach the merits because they found procedural default based upon the failure of appellate defense counsel to even raise the Sixth Amendment issue. Since there was no decision on the merits concerning ineffective assistance of counsel, the Cullen v. Pinholster case does not prohibit the consideration of evidence on the merits in a later federal evidentiary hearing. Pinholster only applies to limit consideration of additional evidence when the state court has previously decided the same merits issue later presented to the federal court.
Accordingly, the judgment of the district court is affirmed.

. The dissent treats our discussion of McClellan's failure-to-investigate claim as a failure-to-call-witnesses claim, which is governed by a distinct standard. As we are granting McClellan’s petition based on his failure-to-investigate claim, any analysis by the dissent relating to the failure-to-call-witnesses doctrine is irrelevant. Because we review a grant of a habeas petition de novo, the district court’s chosen wording is immaterial to our holding. In any event, the dissent mischarac-terizes the district court’s discussion by piecing together segments of sentences that are paragraphs apart in the district court order. The district court’s ultimate determination is as follows: "Rather, the evidence presented at the hearing shows that Petitioner’s counsel’s deficient failure to investigate sufficiently undermines the Court’s confidence in the outcome of the trial.” McClellan v. Rapelje, No. 2:08-CV-10735, 2011 WL 2447999, at *13 (E.D.Mich. June 14, 2011).

. Given that the State has conceded that the lower court record was not in front of the Michigan Court of Appeals, it is unclear why the dissent is attempting to put in play a point that remains undisputed by the parties. Labeling the State’s position as "speculation” does not transform a party's concession into a live issue for the court to decide.
At oral argument, we requested that the parties submit supplemental briefing stating their positions as to what the Michigan Court of Appeals had before it when it rendered its decision. The portion of oral argument in *350 which this request was made is transcribed in its entirety as follows:
It would be useful for this Court to know in a letter brief from each of you what your position is as to what was the record in front of the Michigan Court of Appeals. And while we’re on that topic, we would also like to have you submit letter briefs by October 25 on the subject of whether there was invited error and what we should do about that and any cases that pertain to that.
Oral Argument at 31:30-32.00, McClellan v. Rapelje (No. 11-1841). Prior to this request, the panel asked the State to clarify that the record was "a physical, tangible record, as opposed to an electronic record,” given the date of the Michigan Court of Appeals decision. Id. at 31:15. After oral argument, the case manager sent a letter to the parties summarizing her interpretation of the panel’s request. The letter stated as follows:
The briefing letter is pursuant to the panel’s request at today’s oral argument that the parties file a letter brief addressing the following:
-what physical record did the Michigan Court of Appeals have before it, and -the issue of invited error.
The letter briefs are due from counsel by October 25, 2012.
Letter from Louise Schwarber, Case Manager, McClellan v. Rapelje (No. 11-1841). The State’s concession, then, that the Michigan Court of Appeals did not have the trial record in front of it reflects the position of the State as requested by the panel. It does not, as suggested by the dissent, reflect the position of the clerk of the Michigan Court of Appeals.
It is further important to note that we have disregarded any unsolicited additional information provided by the State in its Supplemental Brief concerning the non-public processes of the Michigan Court of Appeals. In fact, it is the dissent that hypothesizes about the ways in which the public docket entries might inaccurately reflect the actual record in the very way it warns the Richter Court would reject.

. Once again, the dissent argues a position that has been expressly conceded by the State in an attempt to strengthen its own reasoning. In its brief, the State made clear its position on the trial court order. "McClellan raised his ineffective assistance of counsel claims in a motion for relief from judgment, which the state trial court denied on procedural grounds.” Appellant Br. at 13. It is hard to imagine a clearer statement of the State’s position, and we decline to evaluate arguments conceded by a litigant, as the dissent would have us do.

. It is unclear why the dissent places significant weight on the presence of an unsubstantiated fact section included in McClellan's delayed application for leave to appeal before the Michigan Court of Appeals. In so doing, the dissent appears to be asserting that the Michigan Court of Appeals would reach a decision on the merits of a claim without consulting the evidence in the record. The fact that the application included citations to the record indicates nothing more than that counsel was comprehensive in compiling the brief. We further find it curious that the dissent considers as relevant the order of the claims in McClellan's delayed application for leave to appeal before the Michigan Court of Appeals. McClellan in no way represented that his ineffective-assistance-of-counsel claim was his primary claim on appeal, and it is nonsensical to imply that the organization of a party's brief dictates the basis upon which a court rules. Finally, the State’s bald assertion at oral argument that 85-90% of orders use different language is wholly unsubstantiated by any evidence in the record.
Additionally, the Michigan Court of Appeals has made clear that it does not consider extra-record evidence: "Appeals to the Court of Appeals are heard on the original record,” which is defined as "the original papers filed in [the lower court] or a certified copy, the transcript of any testimony or other proceedings in the case appealed, and the exhibits introduced.” Mich. Ct. R. 7.210(A)(1). Therefore, the presence of the affidavits attached to the application for leave to appeal is immaterial.