# SUPREME COURT OF THE UNITED STATES

## LLOYD RAPELJE *v.* TYRIK McCLELLAN

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 12–1480.  Decided November 18, 2013

The motion of respondent for leave to proceed *in forma pauperis* is granted.  The petition for a writ of certiorari is denied.

JUSTICE ALITO, with whom JUSTICE SCALIA joins, dissenting from the denial of certiorari.

The decision of the United States Court of Appeals for the Sixth Circuit in this case was based on a serious misreading of our decision in *Harrington* v. *Richter*, 562 U. S. ___ (2011), and if left uncorrected, it is likely to interfere with the proper handling of a significant number of federal habeas petitions filed by Michigan prisoners.  Under *Harrington*, when a state court summarily rejects an appeal without clearly indicating whether the disposition was based on the merits of the claims presented or instead on procedural grounds, a federal habeas court must presume that the decision was on the merits, but the presumption may be overcome under certain circumstances. *Id.*, at ___ (slip op., at 9).  By contrast, when the state court makes it clear that a summary disposition was on the merits, *Harrington*'s rebuttable presumption has no application.  A federal court may not probe beyond the state court's order to inquire whether the court accurately characterized its own decision.

In this case, the Sixth Circuit overlooked that important rule.  The panel majority relied on a prior Sixth Circuit decision that had recognized—based on a long line of Michigan Court of Appeals cases—that the form of order used by the Michigan Court of Appeals in the present case

invariably reflects a disposition on the merits. But the panel understood that prior decision nevertheless to allow it to look past the order to determine whether the state appellate court had meant what it said and actually based its disposition on the merits.

This was a fundamental error—and an important one. I would therefore grant the petition for a writ of certiorari.

I

Respondent was convicted of first-degree murder in Michigan state court and was sentenced to life in prison. The Michigan Court of Appeals affirmed his conviction, and the Supreme Court of Michigan denied leave to appeal. Respondent then sought postconviction relief from a Michigan trial court, raising for the first time certain claims that his trial counsel had provided constitutionally ineffective assistance. The trial court held that those claims were procedurally defaulted and that respondent had failed to show cause or prejudice to excuse the default. Respondent requested leave to appeal, and the Michigan Court of Appeals denied his application "for lack of merit in the grounds presented."* App. to Pet. for Cert. 84a.

Respondent then filed a petition for habeas corpus in the United States District Court for the Eastern District of Michigan, and he requested that the court hold an evidentiary hearing on his ineffective-assistance-of-counsel

————————

*After the Court of Appeals entered its order, the Michigan Supreme Court denied leave to appeal in an order stating that respondent had "failed to meet the burden of establishing entitlement to relief under [Michigan Court Rule] 6.508(D)." *People* v. *McClellan*, 480 Mich. 1006, 742 N. W. 2d 367 (2007). The Sixth Circuit, en banc, has ruled that under Michigan law such orders are ambiguous "because holdings from the Michigan courts indicate that the language used by such summary orders [*i.e.*, orders citing Michigan Court Rule 6.508(D)] can refer to the petitioner's failure to establish entitlement to relief either on the merits or procedurally." *Guilmette* v. *Howes*, 624 F. 3d 286, 289–290 (2010). Neither party argues otherwise before this Court.

claims. A federal evidentiary hearing is permissible for a particular claim only if, among other requirements, the claim was not "adjudicated on the merits by a state court." *Cullen* v. *Pinholster*, 563 U. S. ___, ___ (2011) (slip op., at 12). If it was, a state prisoner is limited to "the record that was before that state court" in seeking federal habeas relief. *Ibid.*

The District Court held that no state court had adjudicated respondent's ineffective-assistance-of-counsel claims on the merits and that therefore an evidentiary hearing on those claims was proper. Based on evidence produced at that hearing, the District Court found cause and prejudice to excuse respondent's failure to raise the claims on direct appeal of his conviction, see *Coleman* v. *Thompson*, 501 U. S. 722, 750 (1991), and decided that respondent's trial counsel had been constitutionally ineffective. As a result, the District Court granted habeas relief.

Petitioner appealed, and a divided panel of the Sixth Circuit affirmed, holding that the Michigan Court of Appeals' decision in the postconviction appeal had not been on the merits. 703 F. 3d 344 (2013). The panel majority based its holding on a recent Sixth Circuit decision, *Werth* v. *Bell*, 692 F. 3d 486 (2012). There, the court considered the meaning of a Michigan Court of Appeals order identical to the one at issue here. Citing Michigan Court of Appeals precedents, the *Werth* panel stated unequivocally that the language in the order signifies a disposition "'on the merits' as a matter of Michigan law." *Id.,* at 494 (quoting *People* v. *Collier*, 2005 WL 1106501, *1 (May 10, 2005) (*per curiam*)). The *Werth* panel then held that the order represented a merits adjudication, although it first noted that no other provision of Michigan law, and nothing about the specific background of the case, gave reason to believe that the disposition had not been on the merits. 692 F. 3d, at 494.

The panel majority in the case now before us interpreted

*Werth* to mean that it is proper for a federal habeas court to disregard the form of order issued by the Michigan Court of Appeals and apply *Harrington'*s rebuttable presumption. Proceeding in this way, the panel majority held that respondent had rebutted that presumption because (1) the last reasoned state-court decision (by the Michigan trial court) had rested solely on respondent's procedural default, see *Ylst* v. *Nunnemaker*, 501 U. S. 797, 803 (1991), and (2) the Michigan Court of Appeals did not have the trial court's record before it when it issued its ruling.

Because the Sixth Circuit determined that no state court had adjudicated respondent's federal claims on the merits, it held that the District Court had not erred in holding an evidentiary hearing on those claims. See 703 F. 3d, at 351 (citing *Cullen*, *supra*). And based on evidence that respondent had presented at the federal hearing, the Sixth Circuit affirmed the District Court's holdings that respondent had demonstrated cause and prejudice to excuse procedural default; that his trial counsel had been ineffective; and that, as a result, he was entitled to habeas relief.

Judge McKeague dissented. He concluded that "[t]he Michigan Court of Appeals' denial of [respondent's] claims 'for lack of merit [in] the grounds presented' was a merits adjudication" and therefore that "the federal district court was limited to considering the record before the Michigan Court of Appeals at the time that court rendered its decision." 703 F. 3d, at 351. He argued that "Michigan courts have 'consistently held that denial of an application 'for lack of merit in the grounds presented' is a decision on the merits of the issues raised.'" *Id.*, at 355 (quoting *Collier*, *supra,* at \*1).

## II

As noted, the Sixth Circuit has previously acknowledged that the form of order at issue here represents a disposi-

tion "on the merits as a matter of Michigan law." *Werth*, *supra*, at 494 (internal quotation marks omitted). Yet the panel majority in the present case, while purporting to follow that precedent, held that the Michigan Court of Appeals did not adjudicate respondent's ineffective-assistance-of-counsel claims on the merits. That holding cannot be reconciled with *Harrington*. The *Harrington* rebuttable presumption comes into play only when a state court's order is ambiguous. When state courts have adopted a phrase to denote a decision on the merits, federal courts may not deem the courts' use of that language to be anything other than an adjudication on the merits. After all, "federal courts have no authority to impose mandatory opinion-writing standards on state courts." *Johnson* v. *Williams*, 568 U. S. \_\_\_, \_\_\_ (2013) (slip op., at 9).

Here, petitioner persuasively argues that the form of order used by the Michigan Court of Appeals reflects a merits adjudication under settled Michigan law. For over 30 years, petitioner tells us, that court has "consistently held that denial of an application 'for lack of merit in the grounds presented' is a decision on the merits of the issues raised." Pet. for Cert. 12 (quoting *Collier, supra*, at *1, in turn citing *People* v. *Hayden*, 132 Mich. App. 273, 348 N. W. 2d 672 (1984); *People* v. *Douglas*, 122 Mich. App. 526, 332 N. W. 2d 521 (1983); *People* v. *Wiley*, 112 Mich. App. 344, 315 N. W. 2d 540 (1981)). See also *Attorney General ex rel. Dept. of Treasury* v. *Great Lakes Real Estate Inv. Trust*, 77 Mich. App. 1, 2–4, 257 N. W. 2d 248, 249 (1977). There is no dispute that respondent's ineffective-assistance-of-counsel claims were "issues raised" by him before the Michigan Court of Appeals. See 703 F. 3d, at 350, n. 4. Accordingly, if this interpretation of Michigan law is correct, it is clear that the court's order was a decision on the merits of those claims.

If that order was on the merits, then the District Court

was precluded from holding an evidentiary hearing on respondent's ineffective-assistance-of-counsel claims, see *Cullen*, 563 U. S., at ___ (slip op., at 12–14), and, in turn, the District Court and Sixth Circuit were not permitted to consider evidence presented at the evidentiary hearing in evaluating those claims. Rather, respondent could have prevailed on his claims only if he could have demonstrated an entitlement to relief under §2254(d) on the state-court record.

In sum, the Sixth Circuit has gone astray in its analysis of habeas cases in which the Michigan Court of Appeals denies review using the form of order at issue here. And this error may derail many Michigan habeas cases. I can understand the Court's reluctance to decide what the form of order at issue means under Michigan law. But I would grant the petition and vacate the decision below because the Sixth Circuit made a severe error of federal law. On remand, I would direct the Sixth Circuit to decide whether, as another panel of that court clearly stated, the form of order at issue represents a merits disposition. If so, the *Harrington* presumption has no place in the court's analysis.

For these reasons, I respectfully dissent from the denial of the petition for a writ of certiorari.