PEOPLE v WILEY

Docket No. 53200. Submitted September 16, 1981, at Detroit.—Decided November 6, 1981.

Deon Wiley pled guilty to first-degree criminal sexual conduct, second-degree criminal sexual conduct, and unarmed robbery, Detroit Recorder's Court, Dalton A. Roberson, J. Prior to appeal, he moved in the Court of Appeals to remand the case to the trial court, alleging that his pleas were involuntary because he was denied effective assistance of counsel. The Court of Appeals denied his motion. He appeals his convictions. *Held:*

1. The denial of the defendant's motion prior to appeal is the law of the case precluding further review of the issue on appeal.

2. The trial court properly determined that there was a sufficient factual basis to support the unarmed robbery conviction. In addition, the defendant, upon pleading guilty, waived any defects which pertain to whether the government could actually prove its case. Thus, a challenge to the factual basis for the charge is precluded on appeal.

Affirmed.

1. APPEAL — CRIMINAL LAW — MOTIONS — LAW OF THE CASE.

A motion by a criminal defendant to remand his convictions on the basis of an involuntary plea which is denied by the Court of Appeals prior to considering the defendant's appeal becomes the law of the case and will not be reviewed further where raised on the appeal.

2. APPEAL — CRIMINAL LAW — AFFIDAVITS — TRIAL RECORD.

*Ex parte* affidavits, filed in a criminal case for the first time in an appellate brief, may not serve to enlarge the record on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 744.
   21 Am Jur 2d, Criminal Law §§ 470, 471.
   Validity of guilty pleas—Supreme Court cases. 25 L Ed 2d 1025.
[2] 4 Am Jur 2d, Appeal and Error § 528.
[3] 67 Am Jur 2d, Robbery § 12.
[4] 4 Am Jur 2d, Appeal and Error § 271.
   21 Am Jur 2d, Criminal Law § 490.

3. ROBBERY — UNARMED ROBBERY.

 It is not necessary that money be taken within a victim's presence to sustain a charge of unarmed robbery; it is sufficient that the money was in the control of the victim and that the control was lost because of the violence of the defendant or the victim's fear of the defendant (MCL 750.530; MSA 28.798).

4. APPEAL — CRIMINAL LAW — GUILTY PLEAS — WAIVER.

 A guilty plea waives all defects which pertain to whether the government can actually prove its case, precluding a challenge on appeal to the factual basis for a charge.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Angela R. Sims,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and R. M. MAHER and D. C. RILEY, JJ.

PER CURIAM. The defendant was charged with criminal sexual conduct in the second degree, MCL 750.520c; MSA 28.788(3), and unarmed robbery, MCL 750.530; MSA 28.798, arising out of an incident that took place on July 26, 1979. In addition, he was charged with criminal sexual conduct in the first degree, MCL 750.520b; MSA 28.788(2), arising out of a separate incident which took place on July 30, 1979.

The defendant entered pleas of guilty in both cases and subsequently was sentenced to from 7 to 15 years on the first-degree criminal sexual conduct conviction, and concurrent terms of from 7 to 15 years for the second-degree criminal sexual conduct and the unarmed robbery convictions.

The record indicates that defendant had three court-appointed attorneys. After expressing dissatisfaction with his first two attorneys, the court

obliged him by appointing a third attorney. The defendant's plea testimony expressed satisfaction with this third attorney. Now, however, appellate counsel alleges that the defendant's pleas were involuntary because he was denied effective assistance of counsel.

The defendant did not file a motion to withdraw the pleas based on this issue. Instead, this appeal and a motion to remand on the issue of the defendant's involuntary pleas as the result of ineffective assistance of counsel were filed. On March 23, 1981, an order denying the motion to remand was issued by the Court of Appeals for lack of merit on the grounds presented. Inasmuch as the same issue is now being raised, the motion on the merits is "the law of the case", barring further review in this Court. *People v Hines,* 88 Mich App 148, 155-156; 276 NW2d 550 (1979), *Allen v Michigan Bell Telephone Co,* 61 Mich App 62, 65; 232 NW2d 302 (1975).

Our independent examination of this record reveals nothing which indicates that the defendant was denied effective assistance of counsel. The record indicates that when the defendant was asked whether he was satisfied with his attorney, he replied in the affirmative. Further, the defendant denied that he was forced to plead guilty or that he was promised any leniency. The defendant directs the Court's attention to *ex parte* affidavits, introduced for the first time on appeal, rather than the record to support his claim. "*Ex parte* affidavits, filed for the first time in the appellate brief, may not serve to enlarge the record on appeal." *People v Nelson Johnson,* 58 Mich App 473, 478; 228 NW2d 429 (1975).

Further, the defendant argues that it was not established at the preliminary examination or the

plea hearing that the money taken was in the complainant's presence or that the taking was by force, violence, assault, or by putting the victim in fear. There is no requirement that the money taken be within a victim's presence if it is within his control and he lost control because of the violence of, of his fear of, the defendant. *People v Gary Spry,* 74 Mich App 584, 595; 254 NW2d 782 (1977).

In this case, the defendant entered a bedroom where the complainant was sleeping. He took hold of her by the arm, climbed on top of her, and demanded sex. After a struggle, the encounter ended and the defendant fled from the bedroom and, while passing through the kitchen, took the complainant's money. We conclude that the trial court did not err in finding a sufficient factual basis to support the unarmed robbery conviction. Furthermore, "[a] guilty plea waives all defects that go to whether the government can actually prove its case * * *". *People v Riley,* 88 Mich App 727, 730; 279 NW2d 303 (1979). The defendant's challenge to the factual basis for the charge at the preliminary examination is, therefore, procedurally prohibited.

Affirmed.