PEOPLE v DOUGLAS

Docket No. 62505. Submitted September 15, 1982, at Lansing.—Decided January 19, 1983.

Charles E. Douglas was convicted, on his pleas of guilty, of delivery of a controlled substance and being a third-offense habitual offender, Oakland Circuit Court, James S. Thorburn, J. The defendant appealed to the Court of Appeals seeking an order of remand to the lower court for an evidentiary hearing on the issue of whether he was entrapped. The Court of Appeals, in an unpublished order, denied the defendant's motion to remand for lack of merit in the grounds presented. The defendant proceeded with his appeal but raised no new issues. *Held:*

The defendant's claim of entrapment was not waived by his guilty plea. The Court of Appeals is precluded from reviewing the defendant's claim of entrapment, however, because the previous order of the Court of Appeals denying the defendant's motion to remand constitutes the law of the case. Further, the Court of Appeals may not determine whether a defendant was entrapped in the first instance without the benefit of a lower court hearing. The Court of Appeals has no record of evidence indicating whether the defendant was entrapped.

Affirmed.

1. Criminal Law — Plea of Guilty — Entrapment.

A claim of entrapment does not involve an assessment of guilt or innocence but rather expresses a policy that there should be no prosecution at all; in that respect, it is like a jurisdictional defect which is not waived by a plea of guilty.

2. Criminal Law — Entrapment — Appeal.

A criminal defendant has the burden of proving a claim of

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law § 202 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 880.
    30 Am Jur 2d, Evidence § 1160.
[3] 4 Am Jur 2d, Appeal and Error § 159 *et seq.*
    5 Am Jur 2d, Appeal and Error § 744 *et seq.*

entrapment by a preponderance of the evidence; an appellate court should not determine in the first instance, without the benefit of a contested lower court hearing, whether a defendant was entrapped; that issue should first be brought to the attention of the trial court before or during the trial and decided by that court after an evidentiary hearing.

3. CRIMINAL LAW — APPEAL — LAW OF THE CASE.

A motion to remand made by a criminal defendant which is denied by the Court of Appeals for lack of merit in the grounds presented prior to considering the defendant's appeal becomes the law of the case and will not be reviewed further where raised later on appeal; where a litigant in the Court of Appeals has any objection to a denial of his motion to remand for lack of merit in the grounds presented, his redress is an application for rehearing to the deciding panel or an application for leave to appeal the order to the Supreme Court (GCR 1963, 800.4, 819.4).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*Harriet B. Rotter, P.C.* (by *Harriet B. Rotter),* for defendant on appeal.

Before: R. B. BURNS, P.J., and ALLEN and M. J. KELLY, JJ.

M. J. KELLY, J. On the day initially scheduled for an entrapment hearing, defendant abandoned his entrapment defense and pled guilty to delivery of a controlled substance, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and to being a third-offense habitual offender, MCL 769.11; MSA 28.1083. Defendant was sentenced to a term of from 3 to 20 years in prison. He appeals as of right.

After defendant filed his claim of appeal, appellate counsel timely moved this Court to remand

the cause for an evidentiary hearing on the issue of entrapment. Defendant correctly asserted that his claim of entrapment was not waived by his guilty plea, citing the Supreme Court's interpretation of *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976), in *People v White,* 411 Mich 366, 387; 308 NW2d 128 (1981):

"A claim of entrapment does not involve an assessment of guilt or innocence, but rather expresses a policy that there should be no prosecution at all. In this respect, it is like a jurisdictional defect which is not waived by a plea of guilty."

Defendant asserted in his motion for remand a scenario predicated upon the assertions that a series of drug transactions were arranged for the defendant by undercover police agents who told defendant that he would be provided portions of any drugs that he could obtain for the officers from the targeted drug traffickers. It was alleged that defendant was a recovering addict and that those successful efforts overcame defendant's resistance, caused him to again become an addictive user, and impermissibly instigated the crimes for which defendant was charged. Defendant asserted similarities to factual situations occurring in the federal cases of *United States v Russell,* 411 US 423; 93 S Ct 1637; 36 L Ed 2d 366 (1973), and *Sherman v United States,* 356 US 369; 78 S Ct 819; 2 L Ed 2d 848 (1958).

On March 26, 1982, a panel of this Court, in an unpublished order, denied defendant's motion to remand for "lack of merit in the grounds presented". Defendant proceeded with his appeal but raised no new issues, alleging only entrapment and praying for reversal. At oral argument, however, appellate counsel alternatively prayed for

remand. In any event, the thrust of the appeal is the defense of entrapment.

We hold that we are precluded from reviewing defendant's claim of entrapment by virtue of this Court's order of March 26, 1982, denying remand, because we hold that that order constitutes the law of the case.

A defendant has the burden of proving a claim of entrapment by a preponderance of the evidence. *People v D'Angelo,* 401 Mich 167, 183; 257 NW2d 655 (1977). The Court of Appeals is not to determine in the first instance, without the benefit of a contested lower court hearing, whether a defendant was entrapped. The issue must first be brought to the attention of the trial court before or during trial and decided by that court after an evidentiary hearing. See *D'Angelo, supra,* pp 178-183. The trial court's finding may then be subject to appellate review under the "clearly erroneous" standard. *D'Angelo, supra,* p 183; see GCR 1963, 517.1.

Since an evidentiary hearing on the issue of entrapment was never held in this case, we have no record evidence before us indicating whether defendant was entrapped. Without the benefit of an evidentiary hearing and the attendant record evidence, defendant's claim of entrapment cannot be decided on appeal.

It is beyond our power to remand this cause for an evidentiary hearing. The decision of a previous panel of this Court, finding a "lack of merit in the grounds presented" on whether defendant was entitled to a remand for an evidentiary hearing, is the law of the case. When an appeal and a motion to remand are filed, a subsequent order denying the motion to remand for lack of merit in the grounds presented is the law of the case, barring

further review of the issue in this Court. See *People v Wiley,* 112 Mich App 344, 346; 315 NW2d 540 (1981). If a litigant in the Court of Appeals has any objection to a denial of his motion to remand for lack of merit in the grounds presented, his redress is an application for rehearing to the deciding panel or an application for leave to appeal the order to the Supreme Court. See *People v Whisenant,* 19 Mich App 182, 189; 172 NW2d 524 (1969), *aff'd* 384 Mich 693 (1971); GCR 1963, 800.4; GCR 1963, 819.4.

Since the prior panel's order of March 26, 1982, did not explain its reasoning, its denial of remand under the circumstances is not precedential for any other case, but we do note that the prosecutor in opposition to that motion urged that the entrapment defense had been waived by defendant who abandoned the claim on the day that it was set for a hearing. If the prior panel had granted a remand on that issue under the circumstances presented, then it would have created a procedure under which a defendant could avoid raising an entrapment issue in the trial court while negotiating a plea-bargaining agreement. Thereafter, if dissatisfied with the plea-bargaining agreement, the defendant could raise the entrapment issue for the first time on appeal, relying on *People v White, supra,* and gain an advantage by avoiding the forthright presentation of the potential issue in the first instance before the trial court. We can find no favor with such tactics and under the circumstances would have reached the same result had we gone to the merits of the issue.

Affirmed.