## PEOPLE v WILSON

Docket No. 97242. Submitted September 14, 1987, at Lansing. Decided
     February 1, 1988.

     Donald R. Wilson was convicted on his unconditional plea of
     guilty of delivery of cocaine and of being a repeat offender
     under the controlled substances act, and was sentenced to eight
     to forty years in prison, Jackson Circuit Court, Russell E.
     Noble, J. Defendant appealed.

     The Court of Appeals *held:*

     1. The trial court correctly ruled that defendant had not been
     entrapped, finding that the purchaser of the cocaine, an under-
     cover officer, made a simple request for cocaine to which
     defendant acquiesced with alacrity.

     2. The trial court did not abuse its discretion at sentencing,
     and the sentence imposed did not shock the conscience of the
     Court of Appeals.

     Affirmed.

     M. J. KELLY, P.J., concurred separately to note that it may be
     time to reevaluate prior decisions of the Court of Appeals
     holding that a defendant does not waive the right to assert an
     entrapment defense despite pleading guilty in light of *People v
     New,* 427 Mich 482 (1986), in which the Supreme Court held
     that a defendant may appeal from an unconditional guilty plea
     only when the claim of appeal implicates the authority of the
     state to bring the defendant to trial.

1. CRIMINAL LAW — ENTRAPMENT — OBJECTIVE TEST.

     Entrapment is determined under an objective test which requires
     a trial court to focus its determination not on whether the
     defendant was predisposed to commit the crime, but, instead,
     on whether the actions of the police are so reprehensible that
     the court should refuse, as a matter of public policy, to allow a
     conviction to stand; the defendant bears the burden of proving
     entrapment by a preponderance of the evidence.

REFERENCES

Am Jur 2d, Criminal Law §§ 202-209.
Burden of proof as to entrapment defense—state cases. 52 ALR4th
     775.

2. Criminal Law — Entrapment — Appeal.

> A trial court's ruling on a claim of entrapment is reviewed on appeal under the "clearly erroneous" standard.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

*Richard D. Hitt,* for defendant.

Before: M. J. Kelly, P.J., and Cynar and Doctoroff, JJ.

Doctoroff, J. Defendant pled guilty to delivery of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and to being a subsequent controlled-substance offender, MCL 333.7413; MSA 14.15(7413), following which he was sentenced to a term of from eight to forty years imprisonment. He appeals as of right. The prosecutor has filed a motion to affirm, which was denied. We affirm defendant's convictions.

I

Defendant first argues that the trial court's denial of his motion to dismiss on entrapment grounds was clearly erroneous, because defendant's friend induced him into the drug transaction. We disagree.

Under Michigan law, entrapment is determined by an objective test. *People v Turner,* 390 Mich 7, 22; 210 NW2d 336 (1973). The objective test focuses not on whether the defendant is predisposed to commit the crime, but on whether the actions of the police are so reprehensible that the court should refuse, as a matter of public policy, to allow a conviction to stand. *People v Juarez,* 158 Mich

App 66, 74; 404 NW2d 222 (1987). This defense is not, however, available any time the police do something which can be characterized as "reprehensible." *People v Crawford,* 143 Mich App 348, 352-353; 372 NW2d 550 (1985).

A claim of entrapment is to be determined by the trial court and is subject to appellate review under the "clearly erroneous" standard. *People v D'Angelo,* 401 Mich 167, 183; 257 NW2d 655 (1977). The defendant bears the burden of proving his claim of entrapment by a preponderance of the evidence. *Id.*

In this case, the trial court failed to find entrapment. It found that the purchaser of the cocaine, an undercover officer, made a simple request for it to which defendant acquiesced with alacrity.

Our review of the record indicates that defendant's friend, who made the initial request, was not aware that the purchaser was a police officer, nor was she an informant. The officer requested to purchase cocaine, and defendant made a sale. The trial court's determination that the police conduct was not so reprehensible that the conviction cannot stand was not clearly erroneous.

II

Defendant next argues that the trial court acted unfairly toward him because he committed the offense of delivery of cocaine at the wrong time, just after a popular sports figure had overdosed on the drug. He asserts that the trial court used inflammatory words at sentencing that revealed a personal prejudice against this drug and that therefore he must be resentenced. After reviewing the entire record, we find no error that requires resentencing in this matter. The trial court did not abuse its sentencing discretion. It considered per-

missible factors before imposing an eight to forty year term of imprisonment, which does not shock our conscience. See *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983); *People v Snow,* 386 Mich 586; 194 NW2d 314 (1972).

Affirmed.

CYNAR, J., concurred.

M. J. KELLY, P.J. *(concurring).* It seems to me that *People v New,* 427 Mich 482; 398 NW2d 358 (1986), raises a question whether defendant's claim of entrapment was waived by his guilty plea.

The holding of *People v New* is that a defendant may appeal from an unconditional guilty plea only where the claim of appeal implicates the authority of the state to bring him to trial. Where the claim sought to be appealed involves only the capacity of the state to prove a defendant's factual guilt it is waived by such a plea.

In *People v Douglas,* 122 Mich App 526; 332 NW2d 521 (1983), we held that entrapment is a jurisdictional defense not waived by a guilty plea:

> Defendant correctly asserted that his claim of entrapment was not waived by his guilty plea, citing the Supreme Court's interpretation of *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976), in *People v White,* 411 Mich 366, 387; 308 NW2d 128 (1981) . . . . [*Douglas, supra,* p 528.]

Since that time in numerous unpublished opinions this Court has reiterated the holding that a defendant does not waive the right to assert an entrapment defense despite pleading guilty. So far as I'm able to determine there are no published cases dealing with this issue since *People v New.* It seems to me ripe for argument that under the

holding in *People v New* the defense of entrapment is subject to the same "misreading" cited at page 489 of the *New* opinion. Since it is my belief that the defense of entrapment has been properly held waived in the application of federal criminal law in the federal courts, there is sound reason for a similar holding in Michigan.

This matter has not been briefed or argued in this case and, since it would benefit neither party to do so on a motion for rehearing, we have ordered publication of this opinion to signal the bench and bar of my perspective that this issue is ripe for decision in view of the evolving nature of this area of the law following the Supreme Court's decision in *People v New, supra.*