# STATE OF MICHIGAN

# COURT OF APPEALS

LOGAN WADSWORTH MACDOWELL,

Plaintiff-Appellant,

v

CHRIS A. HOUGHTALING, and
HOUGHTALING, WASIURA & CATALINO,
PLC,

Defendants-Appellees.

UNPUBLISHED
August 23, 2016

No. 328902
Muskegon Circuit Court
LC No. 15-049930-NM

Before: SERVITTO, P.J., and MARKEY and GLEICHER, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court order dismissing his legal malpractice case against defendants pursuant to MCR 2.116(C)(10). We affirm.

Plaintiff retained defendants to represent him in his 2012 divorce matter. Because plaintiff was then residing at his Alabama home, he participated in the divorce proceedings, including hearings, by telephone. A trial concerning the divorce concluded in January 2013 and the trial court issued a written opinion dividing the parties' marital assets in February 2013. Although a judgment of divorce was entered on May 6, 2013, plaintiff contends that defendants did not communicate with him concerning entry of the judgment of divorce or provide him with a copy of it until the end of June 2013. Plaintiff asserts that he had contacted defendant in mid-June 2013, prior to receiving the judgment of divorce, indicating his desire to appeal the trial court's conclusions. Because, however, the time for filing an appeal as of right had already passed, plaintiff could only file an application for leave to appeal, which this Court denied. *Kettlewell v MacDowell*, unpublished order of the Court of Appeals entered March 27, 2014 (Docket No. 318583). Plaintiff thus asserted that defendants committed legal malpractice/professional negligence which injured plaintiff in that he lost his ability to file an appeal as of right.

Defendants moved for summary disposition under MCR 2.116(C)(8) and (10), arguing that plaintiff did not plead that defendants' actions, or lack thereof, were the proximate cause of his damages, nor could he establish the same such that summary disposition in defendants' favor was appropriate. The gist of defendants' argument was that in issuing the March 27, 2014 order, above, this Court's language that the application for delayed appeal was denied "for lack of merit

-1-

in the grounds presented" served as a decision on the merits of plaintiff's appeal. Thus, plaintiff could not show that but for defendants' alleged malpractice, plaintiff would have been successful on appeal. The trial court agreed, finding that given the language in the Court of Appeals' order, there was no genuine issue of material fact that plaintiff would not have succeeded on appeal. This appeal followed.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 583; 794 NW2d 76 (2010). Summary disposition may be granted under MCR 2,116(C)(10) if there "is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." MCR 2.116(C)(10). In deciding a motion under subsection(C)(10), a court must consider the pleadings as well as affidavits, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party. *Vill of Dimondale v Grable*, 240 Mich App 553, 566; 618 NW2d 23 (2000). The interpretation and construction of Michigan's court rules is also reviewed de novo by this Court. *People v Petit*, 466 Mich 624, 627; 648 NW2d 193 (2002).

On appeal, plaintiff contends that the trial court erred in deciding that the Court of Appeals order denying plaintiff's delayed application for leave to appeal "for lack of merit in the grounds presented" is tantamount to a decision on the merits of the arguments which would have been raised in a timely filed appeal of right. We disagree.

The elements of legal malpractice are: (1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that the negligence was the proximate cause of an injury; and (4) the fact and extent of the injury alleged. *Manzo v Petrella*, 261 Mich App 705, 712; 683 NW2d 699 (2004). As stated in *Charles Reinhart Co v Winiemko*, 444 Mich 579, 586–87; 513 NW2d 773 (1994):

> Often the most troublesome element of a legal malpractice action is proximate cause. As in any tort action, to prove proximate cause a plaintiff in a legal malpractice action must establish that the defendant's action was a cause in fact of the claimed injury. Hence, a plaintiff must show that *but for* the attorney's alleged malpractice, he would have been successful in the underlying suit. In other words, the client seeking recovery from his attorney is faced with the difficult task of proving two cases within a single proceeding. To hold otherwise would permit a jury to find a defendant liable on the basis of speculation and conjecture. [internal citations and quotations omitted]

Proximate cause in a legal malpractice action, then, has a "suit within a suit" requirement. *Manzo*, 261 Mich App at 712. Although the "suit within a suit" concept is not universally applicable, it applies where the alleged negligent conduct involves the failure of an attorney to properly pursue an appeal. *Charles Reinhart Co*, 444 Mich at 587.

Here, assuming that plaintiff can establish the first two elements of a legal malpractice claim, as set forth in *Manzo*, 261 Mich App at 712, he cannot establish the third element of proximate cause (or the "suit within a suit" requirement). This Court has consistently held that denial of an application "for lack of merit in the grounds presented" is a decision on the merits of the issues raised. See, e.g., *People v Hayden*, 132 Mich App 273, 297; 348 NW2d 672 (1984);

*People v Douglas*, 122 Mich App 526, 529-530; 332 NW2d 521 (1983); *People v Wiley,* 112 Mich App 344, 346; 315 NW2d 540 (1981).

In his delayed application for leave to appeal in his divorce action, plaintiff asserted that the trial court erred in (1) awarding his ex-spouse $75,000 in dividends from plaintiff's separate, pre-marital investment portfolio and basing its finding on an erroneous conclusion that both parties paid tax on these dividends, and (2) awarding his ex-spouse lifetime spousal support, and basing the amount on an erroneous calculation of plaintiff's monthly income and then securing the support with plaintiff's pre-marital § 457 retirement plan. These are the same alleged errors that plaintiff would have asserted in a timely filed brief in an appeal as of right. Because the issues plaintiff identified that he sought to raise in his appeal as of right were the same issues raised in his application for leave to appeal, which was denied "for lack of merit in the grounds presented," he cannot establish that defendants' inaction in filing an appeal as of right on his behalf proximately caused his injury. The Court of Appeals clearly expressed an opinion on the merits of plaintiff's arguments in denying his application for leave to appeal in Docket No. 318583, and its expression of a lack of merit in the grounds presented shows that plaintiff would not have succeeded in an appeal as of right.

Although plaintiff is correct that the reasons for the delay are a permissible consideration when deciding the application, see MCR 7.205(G)(1), "in all other respects . . . decision . . .[is] as provided in subrule (E)." MCR 7.205(G)(1). Subrule (E)(1) provides that a decision on an application for leave to appeal is decided "on the documents filed," which include a concise recitation of the appellant's allegations of error and the relief sought, and a concise argument in support of the appellant's position on each issue. MCR 7.205(B)(1). Thus, a denial of an application for leave to appeal for lack of merit in the grounds presented is a rejection of the grounds for the appeal. As noted by the United States Supreme Court, "in determining how to dispose of an application for leave to appeal, Michigan's intermediate appellate court looks to the merits of the claims made in the application." *Halbert v Michigan*, 545 US 605, 617; 125 S Ct 2582, 2590; 162 L Ed 2d 552 (2005). Compare *People v Willis*, 182 Mich App 706, 708; 452 NW2d 888 (1990) (when this Court denies leave "for failure to persuade the Court of the need for immediate appellate review," the order is "a nonsubstantive disposition"). Because plaintiff cannot establish that defendants' actions or their failure to act were the proximate cause of his alleged injury (the outcome in a claim of appeal would have been the same), the trial court did not err in granting summary disposition in defendants' favor.

Affirmed.

/s/ Deborah A. Servitto
/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher

-3-