*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PIONEER STATE MUTUAL INSURANCE
COMPANY,

        Plaintiff-Appellee,

v

STEPHEN A. MICHALEK and BARBARA M.
MICHALEK,

        Defendants-Appellants,

and

JUSTIN B. AGRESTI,

        Intervening Plaintiff.

FOR PUBLICATION
October 3, 2019
9:05 a.m.

No. 344567
Berrien Circuit Court
LC No. 14-000245-CK

---

PIONEER STATE MUTUAL INSURANCE
COMPANY,

        Plaintiff-Appellee,

v

STEPHEN A. MICHALEK and BARBARA M.
MICHALEK,

        Defendants,

and

JUSTIN B. AGRESTI,

        Intervening Plaintiff-Appellant.

No. 344577
Berrien Circuit Court
LC No. 14-000245-CK

-1-

Before: MURRAY, C.J., and METER and FORT HOOD, JJ.

MURRAY, C.J.

These consolidated appeals are from a final order awarding attorney fees to plaintiff, Pioneer State Mutual Insurance Company, in a case where the trial court found after a bench trial that insurance fraud was committed by defendants, Stephen A. Michalek and Barbara M. Michalek. Intervening plaintiff, Justin B. Agresti, appeals the same order by right. We affirm.

I. BACKGROUND

In November 2011, Agresti was injured while riding his bicycle at defendants' (his grandparents) lakefront property in Dowagiac. At the time of the injury, the property was insured pursuant to a homeowner's policy issued by Pioneer. Agresti sued defendants in a separate premises liability action. Defendants signed a statement in the Agresti litigation in which they stated that members of defendants' family dug a hole on the property on July 4, 2011, to fix a faulty septic pump, and then failed to refill the hole upon departing the property. Defendants asserted that the hole remained unfilled in November 2011, when Agresti rode his bicycle into the hole and injured himself. Pioneer retained counsel for defendants in the Agresti litigation, and counsel advanced a challenge to the duty (or lack thereof) by asserting an open and obvious defense.

After the trial court denied defendants' motion for summary disposition in the Agresti litigation, Pioneer commenced this action to void coverage under a fraud provision contained in the homeowner's policy. Pioneer alleged that defendants misrepresented that they dug a hole, and left the hole open until November 2011. Following a bench trial, the trial court issued an opinion on March 15, 2017, finding that defendants made fraudulent representations to Pioneer that voided the policy. Appellants moved for reconsideration of that opinion, but before addressing that motion, the trial court entered a judgment in favor of Pioneer on July 17, 2017. On August 15, 2017, the trial court denied their motion for reconsideration of the March opinion.

On September 5, 2017, defendants filed a claim of appeal in this Court, appealing the August 15, 2017 trial court order denying their motion for reconsideration of the opinion. This Court dismissed the appeal for lack of jurisdiction because the August 15, 2017 order was not a final order under MCR 7.202(6)(a).[1] In doing so, this Court noted that the July 17, 2017 judgment "appears to be a final order." This Court dismissed Agresti's claim of appeal for the same reason.[2]

Two days after this Court dismissed the appeals for lack of jurisdiction, appellants again moved for a new trial or relief from judgment. Then, before the trial court addressed and

---

[1] *Pioneer State Mut Ins Co v Michalek*, unpublished order of the Court of Appeals, entered September 26, 2017 (Docket No. 339991).

[2] *Pioneer State Mut Ins Co v Michalek*, unpublished order of the Court of Appeals, entered September 26, 2017 (Docket No. 340016).

decided the motions, defendants filed in this Court an application for delayed appeal of the trial court's July 17, 2017 judgment. On the same day, the trial court held a motion hearing to address the second motions for a new trial or relief from judgment, but it did not rule on the motions.

On May 18, 2018, this Court denied defendants' application for delayed appeal of the July 17, 2017 judgment "for lack of merit on the grounds presented."[3] Thereafter, the trial court entered an order granting Pioneer's motion for attorney fees and costs. The trial court held that, given its previous finding that defendants committed fraud, attorney fees were warranted under MCR 2.114(F). Defendants and Agresti separately appealed the order by right, and this Court consolidated the appeals.[4]

## II. CHALLENGES TO THE JULY 17, 2017 JUDGMENT

Defendants advance several issues in this appeal that are unrelated to the award of attorney fees, and that they previously asserted in their application for delayed appeal the July 17, 2017 judgment. This Court denied that application for lack of merit in the grounds presented. Pioneer argues that consideration of these issues is barred by the law of the case doctrine. Pioneer is correct, but there is an additional jurisdictional ground that precludes us from considering these challenges to the July 17, 2017 judgment.

We first address the jurisdictional issue.[5] In their claim of appeal forms, appellants identified the order that they are appealing by right as the June 19, 2018 order regarding attorney fees and costs, and in their docketing statements, they noted that the order was a postjudgment order. Under MCR 7.202(6)(a)(*iv*), a postjudgment award of attorney fees is a final order from which a claim of appeal can be taken. However, MCR 7.203(A)(1) limits the appeal taken under MCR 7.202(6)(a)(*iv*) "to the portion of the order with respect to which there is an appeal of right," meaning that these appeals only pertain to the award of attorney fees. Consequently, any issue outside those challenging the award of attorney fees goes beyond our jurisdiction over these appeals.

Second, even if we had jurisdiction, Pioneer is correct: the law of the case doctrine would preclude our consideration of the issues arising out of the July 17, 2017 judgment. "The law of the case doctrine holds that a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals with respect to that issue." *Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001). "Thus, a question of law decided by an appellate court will not be

---

[3] *Pioneer State Mut Ins Co v Michalek*, unpublished order of the Court of Appeals, entered May 18, 2018 (Docket No. 340967).

[4] *Pioneer State Mut Ins Co v Michalek*, unpublished order of the Court of Appeals, entered August 7, 2018 (Docket Nos. 344567; 344577).

[5] Neither party raised this issue, but because it is jurisdictional we can do so without the parties first doing so. *Yee v Shiawassee Co Bd of Commissioners*, 251 Mich App 379, 399; 651 NW2d 756 (2002).

decided differently on remand or in a subsequent appeal in the same case." *Id*. "The primary purpose of the doctrine is to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *Id*. The doctrine applies "only to issues actually decided, either implicitly or explicitly, in the prior appeal." *Grievance Admin v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000).

In exercising the discretion afforded it when reviewing an application for leave to appeal, *Great Lakes Realty Corp v Peters*, 336 Mich 325, 328; 57 NW2d 901 (1953), the Court has numerous options: it can grant the application and hear the case on the merits, deny the application, enter peremptory relief, or take any other action deemed appropriate. See MCR 7.205(E)(2). If the assigned panel determines that an application (late or otherwise) from a final order warrants denial, the panel often—as was done here—indicates that it is for "lack of merit on the grounds presented." In contrast to interlocutory applications for leave to appeal from nonfinal orders, where the Court generally does not express an opinion on the merits, applications for delayed appeal address whether to allow an appeal (filed after the 21-day period has elapsed) to be taken on a merits challenge to a final order. Hence, when we deny an application from a noninterlocutory order for lack of merit in the grounds presented, the order means what it says—it is on the merits of the case.[6] Consistent with this conclusion, this Court has previously applied the law of the case doctrine to orders denying applications for "lack of merit in the grounds presented." See *People v Douglas*, 122 Mich App 526, 529-530; 332 NW2d 521 (1983), *People v Hayden*, 125 Mich App 650, 662-663; 337 NW2d 258 (1983), and *People v Wiley*, 112 Mich App 344, 346; 315 NW2d 540 (1981).

The first four issues raised in defendants' and Agresti's appeal briefs were raised in defendants' prior application for delayed appeal from the July 17, 2017 judgment. Additionally, appellants have not shown a change in the material facts or an intervening change in the relevant law. Because this Court previously denied defendants' application for delayed appeal "for lack of merit on the grounds presented," even if we had jurisdiction to address the merits challenge to the July 17, 2017 judgment, we would not address the merits of those issues under the law of the case doctrine.[7] See *id*. See also *Locricchio v Evening News Ass'n*, 438 Mich 84, 109, n 13; 476 NW2d 112 (1991).

---

[6] If a panel decides to deny an application challenging an interlocutory nonfinal order, it typically uses language indicating that the application was denied because the Court was not persuaded that immediate appellate review was necessary. There is no merits language in those denial orders because no merits determination was made; instead, the panel has simply determined appellate intervention was not necessary at the time. As a result, parties are still free to challenge these interlocutory orders when appealing the final order. See *Dean v Tucker*, 182 Mich App 27, 31; 451 NW2d 571 (1990).

[7] We reject appellants' arguments that this Court lacked jurisdiction to deny defendants' delayed application for leave to appeal in Docket No. 340967. See MCR 7.205(G); MCR 7.203(B)(5). Similarly, the arguments that this Court lacks jurisdiction to address these appeals are devoid of merit. See MCR 7.206(6)(a)(*iv*); MCR 7.203(A)(1).

## III. ATTORNEY FEES

As to the merits of the final order they did appeal of right, appellants argue that the trial court erred in awarding attorney fees, and in the amount of the fees awarded. This Court reviews a trial court's award of attorney fees and costs for an abuse of discretion. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. This Court reviews for clear error a trial court's factual findings underlying its fee award including a finding that a claim or a defense was frivolous. See *Ladd v Motor City Plastics Co*, 303 Mich App 83, 103; 842 NW2d 388 (2013). "A decision is clearly erroneous when, although there may be evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *Guerrero v Smith*, 280 Mich App 647, 677; 761 NW2d 723 (2008).

## A. FRIVOLOUS DEFENSE

Without holding a hearing, but after briefing by the parties, the trial court entered an order granting Pioneer's motion for attorney fees. The trial court awarded attorney fees pursuant both to MCL 600.2591 and MCR 2.114(F)[8] on the basis of its finding at the bench trial that defendants engaged in fraud.

"Generally, awards of costs and attorney fees are recoverable only where specifically authorized by a statute, a court rule, or a recognized exception." *Edge v Edge*, 299 Mich App 121, 127; 829 NW2d 276 (2012) (quotation marks, brackets, and citations omitted). MCL 600.2591 grants, and MCR 2.114(F) had granted, "a court the authority to award sanctions in the form of attorney fees and costs to a prevailing party if an action or defense is deemed 'frivolous.' " *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010). MCL 600.2591(3) defines "frivolous":

> (a) "Frivolous" means that at least [one] of the following conditions is met:
>
> (*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
>
> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
>
> (*iii*) The party's legal position was devoid of arguable legal merit.

The trial court's finding of frivolousness was based on its conclusions following the bench trial that defendants acted fraudulently, and that they knew they had engaged in fraud yet

---

[8] MCR 2.114 was repealed effective September 1, 2018. Administrative Order No. 2002-31, 501 Mich cxx, cxxxvii (2018). The substantive provisions of MCR 2.114 have been incorporated into MCR 1.109. Because MCR 2.114 was in effect at the time the trial court awarded sanctions, we make reference to that rule.

still put up a defense. "The determination whether a claim or defense is frivolous must be based on the circumstances at the time it was asserted." *Robert A Hansen Family Trust v FGH Indus, LLC*, 279 Mich App 468, 486; 760 NW2d 526 (2008) (quotation marks and citation omitted). The trial court found that the defense was frivolous at the time it was asserted—i.e., at the time defendants responded to Pioneer's complaint, and throughout the proceedings. The trial court had conducted a three-day bench trial on the fraud issue, had made detailed findings of fact after trial, and its reference to those findings was sufficient to explain why it found the defense of these claims to be frivolous. Although "the mere fact that [a party] did not ultimately prevail on its legal position" does not per se render that position frivolous, *id.* at 487, the trial court's findings went beyond a mere rejection of defendants' legal position.

In applying this deferential standard of review, and given the fact-specific nature of the case and the trial court's findings, we hold that the trial court did not clearly err in finding that defendants' defense was frivolous.

## B. REASONABLENESS OF FEES AND COSTS

Under the former MCR 2.114, if a trial court determined that a claim was frivolous in violation of MCR 2.114(F), sanctions were mandatory under MCR 2.114(E), which provided as follows:

> If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

Similarly, MCR 2.625 provides that "if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591." MCL 600.2591 provides, in relevant part, as follows:

> (1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

> (2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

"[T]he burden of proving the reasonableness of the requested fees rests with the party requesting them." *Smith*, 481 Mich at 528-529. "When requested attorney fees are contested, it is incumbent on the trial court to conduct a hearing to determine what services were actually rendered, and the reasonableness of those services." *Reed v Reed*, 265 Mich App 131, 166; 693 NW2d 825 (2005). In determining the reasonableness of a requested fee, a trial court should

-6-

"consider the totality of special circumstances applicable to the case at hand." *Smith*, 481 Mich at 529. The Supreme Court has provided nonexclusive factors to guide a trial court in determining the reasonableness of attorney fees. See *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 281-282; 884 NW2d 257 (2016).

The trial court awarded Pioneer the hours it requested, but it reduced the hourly rate from the requested $240.00 an hour to the billed rate of $140.00 an hour. In doing so, the trial court did not make any findings of fact with respect to the reasonableness of the requested fees or the number of hours expended on the proceeding. Instead, it adopted the analysis set forth in Pioneer's brief, which had attached to it detailed billings, affidavits, and a state bar survey of the average rates in the relevant community.

The Michigan Supreme Court has explained:

> In considering the time and labor involved . . . the court must determine the reasonable number of hours expended by each attorney. The fee applicant must submit detailed billing records, which the court must examine and opposing parties may contest for reasonableness. The fee applicant bears the burden of supporting its claimed hours with evidentiary support. If a factual dispute exists over the reasonableness of the hours billed or hourly rate claimed by the fee applicant, the party opposing the fee request is entitled to an evidentiary hearing to challenge the applicant's evidence and to present any countervailing evidence. [*Smith*, 481 Mich at 532.]

Although Pioneer's motion was properly supported, in their response brief, defendants did not contest the reasonableness of the hourly rate, the number of hours expended, nor did they request a hearing to resolve any disputed facts. Rather, defendants exclusively challenged the trial court's findings of fraud after trial, and placed other legal objections to the award of attorney fees. Thus, there was no need for the trial court to hold a hearing to allow defendants to contest the reasonableness of the requested fees because, based on their submissions, they were not challenging that aspect of Pioneer's request. *Id*. And, although defendants did make a request for an evidentiary hearing in their motion for reconsideration, that motion was simply too late to preserve the request. See *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009) ("This issue was not raised until plaintiff filed his motion for reconsideration. Where an issue is first presented in a motion for reconsideration, it is not properly preserved."). And, the trial court does not abuse its discretion by rejecting arguments made in a motion for reconsideration that could have been made in response to the original motion. *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012) ("Ordinarily, a trial court has discretion on a motion for reconsideration to decline to consider new legal theories or evidence that could have been presented when the motion was initially decided.").

The trial court did not clearly err in finding that the defense was frivolous, and did not abuse its discretion in awarding attorney fees.

Affirmed.

Plaintiff-appellee may tax costs.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood