*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

IKEIE RANORDO SMITH,

       Defendant-Appellant.

UNPUBLISHED
August 18, 2022

No. 355049
Wayne Circuit Court
LC No. 16-009361-01-FC

Before: GADOLA, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the trial court's order denying defendant's motion for relief from judgment, in which defendant sought to withdraw his guilty pleas in the trial court. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In lower court Case No. 16-009361-01-FC, defendant pleaded guilty to first-degree home invasion, MCL 750.110a(2), four counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(c), and unarmed robbery, MCL 750.530. The trial court sentenced defendant to serve 55 to 80 years in prison for each of four convictions of CSC-I, 12 to 20 years in prison for the home invasion conviction, and 10 to 15 years in prison for the unarmed robbery conviction. Defendant, through appellate counsel, filed a delayed application for leave to appeal, in which he asserted he was not properly advised of the scope of possible punishments before entering his pleas and his trial counsel was ineffective. This Court denied defendant's delayed application "for lack of merit in the grounds presented." *People v Smith*, unpublished order of the Court of Appeals,

---

[1] *People v Smith*, unpublished order of the Court of Appeals, entered December 30, 2020 (Docket No. 355049).

entered May 29, 2018 (Docket No. 342913). Defendant later filed a motion for relief from judgment, which the trial court denied.[2] This appeal followed.

## II. CLAIMS OUTSIDE THE SCOPE OF THE APPEAL

We note at the outset that this Court granted delayed leave "limited to the issues raised in the application." *People v Smith*, unpublished order of the Court of Appeals, entered December 30, 2020 (Docket No. 355049). Our review is thus properly limited to those issues. MCR 7.205(E)(4); see also *People v White*, 337 Mich App 558, 567 n 3; 977 NW2d 138 (2021) (stating this Court will not consider arguments other than "those raised in the application"). Accordingly, we decline to consider defendant's claims that (1) the trial court failed to advise defendant about the requirement to register under the Sex Offenders Registration Act, MCL 28.721 *et seq.*; (2) the court failed formally to ask defendant, "How do you plead?"; (3) the court failed to advise defendant of, and determine that he understood, the names of the offenses to which he was pleading; (4) the court failed to explain, and determine that defendant understood, the maximum possible sentences for the offenses; and (5) the trial court misstated the maximum possible sentence for armed robbery and failed to explain its mandatory minimum sentence.

## III. ISSUES FROM PRIOR APPEAL IN DOCKET NO. 342913

Defendant argues that he should have been allowed to withdraw his plea because it was involuntary where (1) the trial court failed to advise him beforehand that the convictions would require lifetime electronic monitoring, (2) the court failed to advise him under MCR 6.302(B)(5), about the limitations on his appellate rights following the plea, (3) defense counsel promised him that he would receive a minimum sentence within the guidelines range if he tendered a plea, but the trial court exceeded that range, and (4) defense counsel was ineffective because he argued for a sentence that exceeded the guidelines range. We disagree that defendant is entitled to relief from judgment on these bases because these grounds for relief were already decided against defendant in his prior appeal.

In his prior delayed application for leave to appeal the trial court's order denying defendant's motion to withdraw his pleas, defendant asserted these four grounds for relief. As noted, this Court denied the delayed application for lack of merit in the grounds presented, and defendant does not argue, and we are not aware of, a retroactive change in the law that has undermined the prior decision. We have consistently held that denial of an application "for lack of merit in the grounds presented" is a decision on the merits that bars later review. See *People v Hayden*, 132 Mich App 273, 297; 348 NW2d 672 (1984); *People v Douglas*, 122 Mich App 526,

---

[2] Case No. 16-009361-01-FC was consolidated with eight other lower court cases, and defendant ultimately pleaded guilty to the charged offenses in each, in a single proceeding. Defendant's unsuccessful delayed application for leave to appeal concerned all nine cases. However, defendant's motion for relief from judgment, and the corresponding order appealed, concerned only Case No. 16-009361-01-FC, and that is the only case whose lower court record is before this Court.

530; 332 NW2d 521 (1983); *People v Wiley*, 112 Mich App 344, 346; 315 NW2d 540 (1981).[3] Accordingly, defendant has not established any entitlement to relief under MCR 6.508 on the grounds cited above.

## IV. APPELLATE COUNSEL'S MISSED DEADLINE

Defendant next argues that the trial court should have granted his motion for relief from judgment because his appellate counsel missed the filing deadline for his application for leave to appeal to the Michigan Supreme Court after this Court denied his application for leave to appeal in Docket No. 342913. We disagree.

Criminal defendants in Michigan have the right of counsel in their first-tier appeal as of right. *Halbert v Michigan*, 545 US 605, 620; 125 S Ct 2582; 162 L Ed 2d 552 (2005) (stating that without the assistance of counsel in first-tier appeal, "a pro se applicant's entitlement to seek leave to appeal to Michigan's intermediate court [would] be more formal than real"); see also *Evitts v Lucey*, 469 US 387, 396; 105 S Ct 830; 83 L Ed 2d 821 (1985) ("A first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney."). However, that due process right is not extended to second-tier discretionary appeals—i.e., applications for leave to appeal to the Michigan Supreme Court. See *Wainwright v Torna*, 455 US 586, 587-588; 102 S Ct 1300; 71 L Ed 2d 475 (1982) ("Since respondent had no constitutional right to counsel [in the Florida Supreme Court], he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely.").

In this case, defendant did not have a constitutional right to counsel, nor a corresponding guarantee of effective assistance of counsel, when he pursued the discretionary, second-tier application for leave to the Michigan Supreme Court. See *Halbert*, 545 US 605; *Evitts*, 469 US at 396; *Wainwright*, 455 US at 587-588. Although defendant claims in his Standard 4 brief that he was deprived of "appellate proceeding[s] altogether," his statement misstates as his appellate counsel filed an unsuccessful delayed application for leave to appeal to this Court in Docket No. 342913. Defendant enjoyed the right to counsel in his first-tier appeal, but had no such right in his second-tier application to the Michigan Supreme Court.

Defendant urges this Court to ignore established precedent regarding the right to effective assistance of counsel in the criminal context, and instead draw an analogy to the rights of petitioners in immigration proceedings. But none of the immigration cases defendant cites parallel defendant's situation here: *Rodriguez-Lariz v INS*, 282 F3d 1218, 1221-1222 (CA 9, 2002), involved claims of error in the removal proceedings before the immigration judge, and *Lozada v INS*, 857 F2d 10, 11 (CA 1, 1988), involved the first-tier appeal of removal proceedings to the Board of Immigration Appeals. Defendant cites no authority establishing the due-process right to effective assistance of counsel in an immigration case involving a second-tier, discretionary appeal, which would resemble the claim here. Defendant's argument that this Court should break

---

[3] Opinions of this Court published before November 1, 1990, are not binding but may be considered for their persuasiveness. MCR 7.215(J)(1); *People v Swenor*, 336 Mich App 550, 566; 971 NW2d 33 (2021).

from binding authority involving the effective assistance of counsel in criminal appeals to follow a nonexistent trend in immigration appeals is not persuasive.

Relying on *Holland v Florida*, 560 US 631; 130 S Ct 2549; 177 L Ed 2d 130 (2010), defendant also argues that this Court should apply the doctrine of equitable tolling with respect to his missed deadline. *Holland*, however, involved federal deadlines for habeas petitions, and the United States Supreme Court expressly stated that "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland*, 560 US at 651-652 (quotation marks and citations omitted). Similarly, in *Bryant v Oakpointe Villa Nursing Ctr*, 471 Mich 411, 432; 684 NW2d 864 (2004), the Michigan Supreme Court applied equitable tolling when delay resulted from "confusion about the legal nature of [the plaintiff's] claim, rather than a negligent failure to preserve her rights." But defendant has alleged only "garden variety" negligence, as opposed to confusion about the legal nature of the claim, as a basis for his appellate attorney's failure to comply with the filing deadline in the Supreme Court. Because defendant cites no authority that would compel, or even allow, the application of equitable tolling in this circumstance, we reject defendant's invocation of that doctrine.[4]

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that he was entitled to relief from judgment because trial counsel was ineffective for failing to investigate a possible alibi defense and request expert testimony. We disagree. Because defendant's motion to withdraw his plea and request for a *Ginther*[5] hearing were denied, "this Court's review is limited to mistakes apparent on the lower court record." *People v Solloway*, 316 Mich App 174, 188; 891 NW2d 255 (2016) (footnote omitted).

The United States and Michigan Constitutions guarantee a defendant the right to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. To establish ineffective assistance of counsel, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012).

Defendant argues that trial counsel rendered ineffective assistance by failing to investigate his alibi for any crimes on November 10, 2015. Defendant's arguments do not comport with the facts in the record for Case No. 16-009361-01-FC, which indicate that the pertinent offenses occurred on July 6, 2015. Any efforts to establish defendant's whereabouts on November 10,

---

[4] In his argument urging equitable relief, defendant asserts that he never received a copy of this Court's order denying his delayed application for leave in Docket No. 342913, as required by MCR 7.215(E)(2). Defendant further argues that, had he received the order and known his application for leave to this Court was denied, he would have known to file his own timely pro se application to the Supreme Court. But defendant's self-serving claim conflicts with his having hired an attorney to file the application in the Supreme Court, which plainly indicates that he knew about the result in this Court.

[5] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973)

2015, would thus have been fruitless. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel."). Defendant thus fails with his alibi theory to establish prejudice necessitating relief from judgment.

Defendant also argues that trial counsel failed to request an expert to testify about the DNA results purportedly showing that none of the sources of DNA recovered from one victim matched defendant. However, the DNA evidence submitted for Case No. 16-009361-01-FC was a swab of the victim's labia majora revealing DNA from two donors—the victim and defendant. The prosecutor explained that "in the African-American population . . . the probability of selecting an unrelated individual at random from the population being one and three and twelve point three billion people." It is thus apparent that any request for an expert to testify that defendant's DNA was not recovered from the victim would have been fruitless. See *Ericksen*, 288 Mich App at 20. Further, defendant admitted his guilt in each case, including "commit[ing] sexual acts on" the victim in the pertinent case. Therefore, defendant cannot with this argument establish prejudice warranting relief from judgment.

Defendant also argues that defense counsel was ineffective for failing to request an expert to testify about the absence of physical injury to one of the victims, who explained that she was a "virgin" before he victimized her. But the record for Case No. 16-009361-01-FC does not offer factual support for this contention. Therefore, defendant cannot prove that calling such an expert in this case would have been anything but futile. See *Ericksen*, 288 Mich App at 20. And we again note that defendant admitted his guilt, specifically stating for Case No. 16-009361-01-FC that he placed his mouth on the victim's genital opening, forced his penis into her mouth, and placed his penis into her genital opening twice. On this record, defendant cannot establish prejudice warranting relief from judgment.

## VI. SELF-REPRESENTATION

Next, defendant claims that the trial court should have granted his motion for relief from judgment because his plea was the involuntary result of the trial court's unconstitutional denial of his right to self-representation. We disagree.

"The right to self-representation is secured by both the Michigan Constitution, Const 1963, art 1, § 13, and by statute, MCL 763.1." *People v Dunigan*, 299 Mich App 579, 587; 831 NW2d 243 (2013). "The right of self-representation is also implicitly guaranteed by the Sixth Amendment of the United States Constitution." *Id.* "[A]lthough the right to counsel and the right of self-representation are both fundamental constitutional rights, representation by counsel, as a guarantor of a fair trial, is the standard, not the exception, in the absence of a proper waiver." *People v Russell*, 471 Mich 182, 189-190; 684 NW2d 745 (2004) (quotation marks and citation omitted). Before permitting a defendant to dismiss counsel and represent himself, the trial court must determine that (1) the defendant's request is unequivocal, (2) the defendant is asserting the right knowingly, intelligently, and voluntarily, and (3) the defendant's self-representation would not disrupt, inconvenience, or burden the court. *People v Anderson*, 398 Mich 361, 367-368; 247 NW2d 857 (1976).

Defendant asserts that he asked to represent himself in a proceeding that took place on January 25, 2017, but the register of actions records nothing for that date. It does, however, list for January 27, 2017, a "Motion to Withdraw Counsel and Appoint Standby Counsel." The transcript of the attendant hearing, however, does not show that defendant actually requested self-representation, unequivocally or otherwise. Rather, he asked only that his attorney be removed. When the trial court advised defendant to work with his attorney, defendant again did not ask to represent himself. When the court advised defendant that he could hire his own attorney, defendant likewise did not ask to represent himself. Absent an unequivocal request, the trial court had no duty to determine whether defendant knowingly, intelligently, and voluntarily wished to represent himself, or whether self-representation would have disrupted, inconvenienced, or burdened the court. See *Anderson*, 398 Mich at 367. Because defendant fails to show that he was denied his right to self-representation, he cannot establish requisite actual prejudice required for relief from judgment on that basis. See MCR 6.508(D)(3)(b)(ii).

Defendant also states that he orally asked to represent himself on March 13, 2017. The register of actions for that day indicates that the court denied a "Motion to Withdraw as Attorney," but there is no reference to self-representation, or to any hearing occurring that day, and defendant has not provided any documentation of any such request. Because defendant failed to identify any record support that he actually made the request he claims, we need not consider this argument further. See *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.") (quotation marks and citation omitted).

## VII. APPELLATE COUNSEL'S ISSUE SELECTION

Defendant argues that his appellate attorneys retained for his applications for leave to appeal in Docket No. 342913 were ineffective for failing to raise the arguments he now raises in his Standard 4 brief, which he maintains are "far" superior to the claims they chose. We disagree.

Defendant contends that appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to investigate his alibi and pursue a DNA expert. Defendant also asserts that his appellate counsel was ineffective for failing to argue that he was denied the constitutional right to represent himself. Because we have already concluded above that defendant failed to establish a factual predicate to any of these theories, we reject the attempt to bootstrap the arguments to his appellate counsel.

In the application for leave to appeal to this Court, defendant's appellate attorneys raised the same issues that defendant now presses in his Standard 4 brief concerning plea withdrawal, including the issue concerning lifetime electronic monitoring, notice about appellate rights, trial counsel's alleged promise of a sentence within the guidelines, and trial counsel's suggestion that the trial court exceed the guidelines. Because defendant's appellate attorneys in fact raised these arguments, he cannot establish a factual predicate for his claim that the arguments were omitted. Further, because this Court denied the attendant leave application on its merits, the claims cannot support a motion for relief from judgment. MCR 6.508(D)(2).

## VIII. *FRANKS* HEARING

Defendant next contends that he was entitled to relief from judgment because the trial court refused his request for an evidentiary hearing to test the validity of the search warrant that led to his arrest. We disagree. We note that defendant did not raise this issue in his motion for relief from judgment, but did so only in an amended motion filed after the order underlying this appeal was entered. Accordingly, we limit our consideration of this argument to determine if there was plain error affecting defendant's substantial rights. See *People v Allen*, 507 Mich 597, 604; 968 NW2d 532 (2021).

A presumption of validity exists with respect to the affidavit supporting a search warrant. *Franks v Delaware*, 438 US 154, 171; 98 S Ct 2674; 57 L Ed 2d 667 (1978). If a defendant provides a sufficient offer of proof that false statements were made in the affidavit, the trial court should hold an evidentiary hearing to determine if the evidence obtained under the warrant should be suppressed. *Id*. Following the hearing, suppression is warranted if 1) the defendant shows "by a preponderance of the evidence that the affiant had knowingly and intentionally, or with reckless disregard for the truth, inserted false material into the affidavit," and 2) "the false material was necessary to a finding of probable cause." *People v Stumpf*, 196 Mich App 218, 224; 492 NW2d 795 (1992).

Defendant asserts that he moved the trial court for a *Franks* hearing, but there is no record of such a motion in the lower court file, and no copy of any such motion has accompanied any of defendant's appellate filings. Because defendant has thus failed to identify any record support for his assertion that he actually made such a motion, we deem the argument abandoned. See *Kevorkian*, 248 Mich App at 389. And, that lack of a factual foundation defeats the issue as a basis for establishing good cause for failing to raise it earlier. See MCR 6.508(D)(3)(a).

Moreover, defendant's arguments on appeal do nothing to supplement the empty record in order to establish prejudice. Defendant has not specified the challenged contents of the warrant, identified which statements in the affidavit were false, nor provided a basis for his bald assertion that the unidentified affiant knew they were false. Nor has defendant demonstrated how the allegedly false information affected the probable-cause determination. See *Stumpf*, 196 Mich App 224. Absent any showing of prejudice, relief from judgment was not warranted.

IX. MOTION FOR RELIEF FROM JUDGMENT

With his last appellate objection in his Standard 4 brief, defendant rehashes some of his earlier arguments, and argues that the trial court completely omitted resolving of some of his claims when it denied relief from judgment.[6] However, because we have examined, and rejected, each

---

[6] This Court reviews a denial of a motion for relief from judgment for an abuse of discretion. *People v Fonville*, 291 Mich App 363, 375-376; 804 NW2d 878 (2011). "MCR 6.508 protects [against] unremedied manifest injustice." *People v Clark*, 274 Mich App 248, 253; 732 NW2d 605 (2007) (alteration in original). When a defendant seeks such relief on grounds, other than jurisdictional defects, that could have been raised on appeal, the defendant must show good cause for the failure to raise such grounds earlier, along with actual prejudice resulting from the alleged irregularity. MCR 6.508(D)(3)(a) and (b). Actual prejudice exists with a conviction entered on a

claim of error properly presented in this appeal, defendant's general protestations about the trial court's reasoning, or lack of it on the record, do not persuade us that error requiring reversal took place. See *People v King*, 297 Mich App 465, 475; 824 NW2d 258 (2022) (stating that we will not reverse where a lower court reaches the right result for the wrong reason).

Affirmed.

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly

---

guilty plea if the "defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand." MCR 6.508(D)(3)(b)(ii).